UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cr-20088-DPG

**UNITED STATES OF AMERICA**
          **Plaintiff,**
**vs.**

**LEONARD PHILLIPS,**
          **Defendant.**
_____/

## DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

Defendant, LEONARD PHILLIPS, by and through undersigned counsel, pursuant to Rule 32(f) of the Federal Rule of Criminal Procedure, Rule 88.9 of the Local Rules for the Southern District of Florida and the Due Process Clause of the Fifth Amendment to the United States Constitution, respectfully files the Defendant's objections to the Pre-Sentence Investigation Report (PSI) and states:

1. Mr. Phillip's date of birth in the identifying data section of the PSI is incorrect. The correct date of birth is August 9, 2001.

2. Paragraphs 16 and 24

Defendant objects to not receiving a minor role adjustment. Pursuant to Application Note 3(A), §3B1.2 operates to "provide a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable that the average participant." Mr. Phillips should receive at least a minor role adjustment pursuant to §3B1.2. A minimal participant is plainly among the least culpable of those involved in the conduct of a group. *Id.*, cmt. n.4. [T]he defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. *Id.* A

1

defendant receives a two-level reduction in his offense level if he was a minor participant in the criminal activity. U.S.S.G. §3B1.2(b). A minor participant is less culpable than most other participants, but his role could not be described as minimal. Id., cmt. n. 5. The defendant must prove his minor role in the offense by a preponderance of the evidence. *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

Whether to apply a minor role reduction "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, cmt. n. 3(C). "Two principles guide a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense." *United States v. Alvarez– Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006). A defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants. *De Varon*, 175 F.3d at 944. Instead, he must be less culpable than most other participants in [the] relevant conduct.

Mr. Phillips should at least receive a minor role adjustment pursuant to §3B1.2. Mr. Phillips is less culpable that most other participants. Therefore, Mr. Phillips should receive a two-level downward adjustment for minor role in the offense.

3. Paragraph 20

Mr. Phillips objects to paragraph 20 stating that Mr. Phillips does not meet the criteria set forth in subdivision (5) of §5C1.2(a) and §2D1.1(b)(18). Mr. Phillips has complied with the safety valve requirements on December 12, 2024. Therefore, a two-level adjustment is warranted.

4. Paragraph 21

2

Pursuant to 2D1.1 (a)(5)(c), the base offense level of 36 should be reduced by 3 levels if the defendant receives a minor role. Therefore, the base offense level here should be 33.

5. Paragraph 25

Mr. Phillips objects to the obstruction of justice upward adjustment based on §3C1.2 of the Sentencing Guidelines. It should be noted that in Paragraph 18, Probation states that they have no information indicating that the defendant impeded or obstructed justice. There is no information in the PSI or the discovery as to how Mr. Phillips "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer". Mr. Phillips never ran from a law enforcement officer.

Therefore, the upward adjustment pursuant for obstruction of justice pursuant to §3C1.2 is not warranted here. Given that probation calculated the base offense level in Paragraph 21 as 36, the same as the adjusted offense level in Paragraph 26, therefore not counting the two-level adjustment, and the comment in Paragraph 18 stating there was no obstruction, it appears that this adjustment may have been a typo.

6. Paragraphs 26 and 30

The adjusted offense level should be 31 with a total offense level of 26.

7. Paragraph 50

Mr. Phillip objects to the incorrect years stated in paragraph 50. Mr. Phillips reported he first smoked marijuana in 2022. He further conveyed that his last use was in 2023.

8. Paragraph 63

If the Court sustains Defendant's objections, the total offense level should be 26, a criminal history category I, and a guideline imprisonment range of 63-78 months.

## CERTIFICATE OF SERVICE

I HEREBY certify that on January 30, 2025, undersigned counsel electronically filed foregoing document with the Clerk of Courts using CM/ECF which will send notification of such filing to all counsel of record.

Respectfully submitted,

BOZANIC LAW, P.A.
17100 Royal Palm Blvd., Suite 1
Weston, FL 33326
Telephone:     954.920.9750
Facsimile:     954.400.0335
E-Mail: Zeljka@bozaniclaw.com

By: _____
*/s/Zeljka Bozanic*
Zeljka Bozanic
Florida Bar No.  23707