UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 24-20088-CR-GAYLES/GOODMAN

UNITED STATES OF AMERICA,

vs.

JOSE LUIS MARCANO-ROMERO,

    Defendant.

_____/

### DEFENDANT JOSE LUIS MARCANO'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM OF LAW

The Defendant, **JOSE LUIS MARCANO**, by and through his undersigned counsel, and pursuant to *U.S.S.G. §6A1.2-3*, *Rule 32 (d), (e)(2)* and *(f)*, *Fed. R. Crim. P.,* and *18 U.S.C. § 3553(a), Local Rule 88.9 of the Local rules for the Southern District of Florida and the Diue Process Clause of the Fifth Amendment to the United States Constitution,* respectfully files his objections to the Presentence Investigation Report (hereinafter "PSR"), request for downward departure or variance and Sentencing Memorandum. In support thereof, Defendant states as follows:

### I.    DEFENDANT'S OBJECTIONS TO THE PSR

**A.    FACTUAL OBJECTIONS:** Mr. Marcano objects to paragraph 53 of the PSR in that while he has been technically unemployed since he has been incarcerated, he has been working as a volunteer orderly at FDC-Miami for the last seven (7) months. As this Court is aware, pre-trial detainees are not required to work at any detention facility while awaiting trial or sentencing. Mr. Marcano's decision to volunteer to work and working as an orderly for the last months, when not being required to is a strong indication that he has begun the rehabilitation process.

1

**B.**     **GUIDELINES CALCULATIONS**

The Defendant objects to Paragraphs 14, 18, 21, 23, 27, 60 and 70 of the PSR, and in support thereof states as follows:

**(i)**     <u>**OBJECTION TO PSR PARAGRAPH 14: ROLE ASSESSMENT/FAILURE TO PROVIDE ADJUSTMENT FOR MINOR ROLE PURSUANT TO *U.S.S.G.* § 3B1.2.**</u>

The Defendant objects to PSR paragraph 14, insofar as it states that "Neither an aggravating nor a mitigating role adjustment is recommended for **Marcano**." (Emphasis Added). Here, based on Defendant Marcano's limited conduct meeting the Application Note 3 (C) factors in *U.S.S. G. § 3B1.2*, a minor role adjustment is warranted. *(See PSR paragraphs 8-13).*

Pursuant to *U.S.S.G. §3B1.2*, a defendant is entitled to a two-level reduction adjustment if, based upon his/her role in the offense, they were a "minor participant." A mitigating role reduction "is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of a particular case." *U.S.S.G. § 3B1.2, Application Note 3(C) (Nov. 2023).*

Here, the Defendant's actual conduct is such that he should receive a two-level reduction adjustment under *§3B1.2*. <u>See</u> <u>*United States v. DeVaron*</u>, *175 F.3d 930, 939-40 (11th Cir. 2001)* ("[T]he district court must measure the defendant's role against the relevant conduct for which she has been held accountable"); <u>*See also*</u> <u>*United States v. Cardenas*</u>, *654 Fed. Appx. 982, 983 (11th Cir. 2016)* ("The district court's determination of the defendant's role in the offense should be informed by two principles…first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other

participants in [his] relevant conduct"). The Defendant was one of six individuals aboard a self-propelled go-fast vessel (GFV), that was interdicted by the U.S. Coast Guard ("USCG") on February 28th, 2024.  Additionally, the Defendant did not recruit, or even know, any of the co-defendants prior to boarding the GFV. In fact, the Defendant was recruited by others to serve as a simple crewmember for the GFV and was offered $2,000.00 to $3,000.00 for that task.

The sentencing guidelines provide a "range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." *U.S.S.G. § 3B1.2, comment. (n.3(A))*. A two-level reduction for a minor role is warranted for a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." *United States v. Lormil,* 551 Fed. Appx. 542, 544 (11th Cir. 2014). As such, Mr. Marcano should receive a two-level reduction pursuant to *§3B1.2*. <u>See</u> U.*S.S.G. § 3B1.2*, *App. N. 3 (Nov. 2023)* ("a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this (mitigating role) guideline"). Since at least 2002, the Eleventh Circuit has held that "A defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline." *United States v. Boyd, 291 F.3d 1274 (11th Cir. 2002).* Furthermore, in 2015, Application Note 3 (C), supra, was added to U.S.S.G. *§ 3B1.2* thereby providing the district judges with the factors that they should consider in determining whether someone qualifies as a minor or minimal participant.

Application Note 3(C) in U.S.S.G. §3B1.2 states:

3

Fact-Based Determination. - The determination whether to apply subsection (a) or subsection (b), or an alternative adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.

In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;

> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;

> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

> (v) the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

*U.S.S.G. §3B1.2, Application Note 3 (emphasis added).*

*Application Note 5 in U.S.S.G. §3B1.2* states:

> 5. Minor Participant-Subsection (b) applies to a defendant described in Application Note 3(A) who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal.

*Application Note 3(A) in U.S.S.G. §3B1.2* states in pertinent part:

> This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity. . .. Likewise, a defendant who is accountable under §1B1.3 for a loss amount under §2B1.1 (Theft, Property Destruction and Fraud) that greatly exceeds the defendant's personal gain from a fraud offense or who had limited knowledge of the scope of the scheme may

4

> receive an adjustment under this guideline**.** For example, a defendant in a health care fraud scheme, whose participation in the scheme was limited to serving as a nominee owner and who received little personal gain relative to the loss amount, may receive an adjustment under this guideline.

*U.S.S.G. §3B1.2, Application Note 3(A).*

In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the criminal activity; (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority; (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and (v) the degree to which the defendant stood to benefit from the criminal activity. *United States v. DeVaron, 175 F.3d 930, 945 (11th Cir. 1999).*

Based on the foregoing it is clear that i) the Defendant had an extremely limited understanding of the scope and structure of the subject criminal activity, beyond his role as a crew member; ii) the Defendant did not participate in the planning or organization of the charged criminal conduct; iii) the Defendant did not exercise any decision-making authority in the charged conspiracy; iv) Defendant's role was limited to solely that of a crewmember with no specialized role, skill, or training; and v) the benefit he stood to receive for his participation in this conspiracy was minute (payment as a crewmember with no proprietary interest in the criminal activity) in comparison to others involved herein.

A minimal participant is one who is "plainly among the least culpable of those involved in the conduct of a group." *United States v. Jimenez*, 756 Fed. Appx. 909 (11th Cir. 2018). A

5

"defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role a minimal participant." *Id.*

In *United States v. Rodriguez*, 44 F.4th 1229 (9th Cir. 2022), the court vacated and remanded a case because the district court failed to properly consider the factors in U.S.S.G. § 3B1.2(b). The court held that the district court erred in treating each factor in the commentary for the minor role sentencing guideline as presenting a binary choice. The court stated: "We have recently held that district courts must consider all these factors when determining whether to grant a mitigating-role adjustment. Thus, gone are the days when district courts had virtually unlimited discretion to simply deem a defendant to be of above average, average or below average culpability." *Id.* at 1233.  The court went on to hold: "We recently clarified that the mitigating-role commentary's reference to the 'average participant' refers to the 'mathematical average,' and that to calculate that average 'all likely participants in the criminal scheme must be included.'" *Id.* at 1234. This means that even "those that the district court believes were leaders or organizers or who were otherwise highly culpable" must be included in the calculation. *Id.* Therefore, each co-participant's culpability affects the minor role analysis, and the district court erred by holding that Gordo's culpability was not relevant. *Id.*

Mr. Marcano's conduct meets the criteria, and the factors set out in U.S.S.G. § 3B1.2 and thus, a minor role adjustment is warranted.

**(ii)     OBJECTION TO PSR PARAGRAPHS 10 and  24, ADJUSTMENT FOR OBSTRUCTION OF JUSTICE PURSUANT TO *U.S.S.G. §*3C1.2 RECKLESS ENDANGERMENT DURING FLIGHT**

In paragraph 24 of the PSR, the probation officer has assessed a two (2) level increase adjustment alleging that "The defendant recklessly created a substantial risk of death or serious

6

bodily injury to another person". As a basis for this assessment the probation officer alleges in Paragraph 10 that "The GFV refused to stop causing the USCG to discharge warning shots which were ineffective. The USCG then employed disabling fire which were effective. In Paragraph 24, the probation officer states that "The defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer: therefore the offense level is increased by two levels pursuant to §3C1.2."

First, this is a Title 46 case where GFV's are located on the high seas or international waters and where there is always a "chase" of some sort because the GFV's are always moving, navigating on the open seas.  Second, simply because a member of the armed forces or a coast guard decides to become "trigger happy" when they are not being fired upon, does not make the conduct of a crew member who is not captaining the vessel, reckless or endangering anyone during flight. Third, there is nothing in the PSR that reflects that the GFV was ordered to halt or stop. *(See, PSR paragraphs 8- 12).*

Fourth and most important, there has been no evidence presented in the PSR or in Discovery that Mr. Marcano was the master/captain of the vessel or navigating the vessel at the time of the incident. This circuit has applied the reckless endangerment during flight under § 3C1.2 to the captain of a vessel for his aggressive maneuvers in response to the Coast Guard's approach and orders to halt.

*United States v. Hernandez, 864 F.3d 1292 (11ᵗʰ Cir. 2017) (The district court did not clearly err, either in attributing the aggressive maneuvers to Hernandez Almaraz, since he was the ship's captain, and the district court specifically found that Hernandez Almaraz actively caused the risk by controlling the actions of the boat.)*

To assess the enhancement under § 3C1.2, the district court **must** make a specific finding that the defendant actively caused or procured the reckless behavior at issue. *Id.; See also, United States v. Dougherty, 754 F.3d 1353, 1360 (11ᵗʰ Cir. 2014) citing United States v. Johnson, 694 F.3d 1192,*

7

*1196-97 (11th Cir. 2012).* Furthermore, a defendant cannot be held responsible for another's conduct under § 3C1.2 without some form of direct or active participation. *United States v. Cook, 181 F.3d 1232, 1235 (11th Cir. 1999).* Mere foreseeability of the conduct is insufficient. *Id.*

Therefore, the two (2) level adjustment under § 3C1.2 is unwarranted to be assessed against Mr. Marcano.

**(iii)    OBJECTION TO PSR PARAGRAPH 18 BECAUSE DEFENDANT IS ENTITLED TO THE TWO (2) LEVEL SAFETY VALVE REDUCTION PURSUANT TO *U.S.S.G § 5C1.2***

Mr. Marcano objects to the probation officer's failure to provide him with a safety valve adjustment under § 5C1.2. The probation officer states that "According to the government, the defendant has not truthfully provided all information and evidence he has concerning the offense or offenses that were part of the same course of conduct. Therefore, the defendant does not satisfy the criterion (5) of § 5C1.2 Thus, he is not eligible for the safety valve or the two-level reduction pursuant to § 2D1.1(b)(18). However, Mr. Marcano gave a full Safety Valve Statement to the DEA on January 15th, 2024, which would suffice as a safety valve statement. Mr. Marcano does in fact meet all the factors in § 5C1.2.

However, if the probation officer continues to insist that Mr. Marcano is not entitled to a safety valve adjustment, the Defendant would assert as follows: The Defendant asserts that he has provided a safety valve statement and also meets the requirements of § 5C1.2. Furthermore, the Defendant qualifies under both the original and the new Safety Valve requirements of the Amended First Step Act and as codified in 18 USC 3553(f). The Defendant has less than 4 criminal history points, has no prior 3-point offense, or a prior 2-point violence offense. The Defendant did not use violence or threats of violence or possess a firearm in connection with the offense. The Defendant's offense did not result in death or serious bodily injury to any person. The Defendant is not an organizer, leader, manager or supervisor of others. In fact, the Defendant has requested a minor role adjustment, although such an adjustment is not required for

safety valve consideration.

### (iv)   OBJECTION TO PSR PARAGRAPHS 24, 25, 29 & 62: ADJUSTMENT FOR OBSTRUCTION OF JUSTICE, ADJUSTED OFFENSE LEVEL, TOTAL OFFENSE LEVEL, & GUIDELINE PROVISIONS

Defendant objects to Paragraphs 24, 25, 29 & 62 of the PSR, which seeks to recommend that Defendant be held accountable under the Sentencing Guidelines for a Total Offense Level of thirty-three (33), Criminal History I, resulting in a guideline sentencing range of 135 to 168 months imprisonment. In accordance with the foregoing, paragraphs 24 & 25 of the PSR, and U.S.S.G. § 2D1.1(a)(5), Defendant submits that his Total Offense Level should be twenty-four (24), not thirty-three (33), based upon Defendant receiving a two-level reduction for minor role under 3B1.2(b) resulting in a base offense level of 34 not 36, minus 3 levels under 2D1.1(a)(5), minus 2 levels for safety valve, minus 2 levels for zero criminal history points and minus 3 levels for acceptance of responsibility. As such, Defendant's applicable guidelines range should be 51 to 63 months imprisonment (i.e. total offense level 24, Criminal History Category I). [2]

### II.   SENTENCING MEMORANDUM

Pursuant to the offense level computations set forth herein, Defendant asserts that a sentence at the low-end of the guidelines range (Total Offense Level 24, Crim History I = 51 to 63 months' imprisonment) with a small downward departure/variance[3] is "sufficient but not greater than necessary" for punishment under *18 U.S.C. §3553(a)*.

---

[2] A sentence along the proposed guideline range would be in line with sentences imposed in this district in Title 46 cases. See, *US v. Jose Julio Hernandez-Olaya, 21-cr-20438-Bloom (57 months); US v. Alexander Castillo, 16-cr-20060-Scola (41 months); US v. Johnny Jones 15-cr-20463-Williams (70 months); US v. Moises Adon Fajardo-Pena, 22 cr-20415-Williams (credit for time served).* These were all cases handled by the undersigned's through CJA court appointment and most if not all, were handled by AUSA Rodriguez-Schack.

[3] Mr. Marcano will be requesting a small downward departure/variance in Section III herein, for the additional incarceration time he will spending in ICE custody awaiting deportation.

## SENTENCING AFTER BOOKER

In *Booker*, the Supreme Court held that the Sentencing Guidelines are no longer mandatory and constitute only one of the sentencing factors that the Court must consider under *18 U.S.C. §3553(a)*. *United States v. Booker, 125 S.Ct. 738, 757 (2005)*. Under *Booker,* sentencing decisions are subject to a "reasonableness" standard of review which must be measured against the factors outlined by Congress in *§3553(a)*. *Booker, 125 S.Ct. at 761*. A sentence outside the advisory guideline range does not need to be justified by "extraordinary circumstances." *Gall v. United States, 128 S. Ct. 586 (2007)*. Indeed, the Supreme Court has specifically rejected any presumption of unreasonableness for sentences outside the guideline range. *Gall, 128 S. Ct. at 595*. The Eleventh Circuit has advised that "*after it makes [its] guideline calculation, the District Court may impose a more severe or more lenient sentence as long as the sentence is reasonable.*" *See United States v. Crawford, 407 F.3d 1174 at 1179 (11th Cir. 2005); See also United States v. Williams, 456 F.3d 1353, 1363(11th Cir. 2006)*. The sentence imposed must be "sufficient but not greater than necessary" to achieve the four purposes of sentencing outlined in *§3553(a)(2)*. *See United States v. Adelson, 441 F.Supp.2d 506 (SDNY 2006)* (finding the mechanical application of the advisory sentencing guidelines in a fraud case where losses totaled $260 million would produce a sentence far greater than necessary for punishment under §3553(a)).

Here, this Court must consider Mr. Marcano's individual history, family circumstances, and overall conduct to determine an appropriate sentence. Together with other evidence as to Mr. Marcano's character and individual conduct, a sentence at the low end of the guidelines set forth herein (i.e. total offense level 24 with a small downward departure/variance) is warranted, given

the statutory factors set forth in *18 U.S.C. §3553(a)*. As set out below, *each* of the applicable sentencing factors set forth in *18 U.S.C. §3553(a)* amply justify such a sentence.

## A. ANALYSIS OF 18 U.S.C. § 3553(A) FACTORS

### FACTOR 1: NATURE OF THE OFFENSE AND HISTORY AND CHARACTERISTICS OF THE DEFENDANT

### 1. Nature of the Offense

Count 1 of the Indictment in this case charges the Defendant and five (5) Co-Defendants with a conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of Title 46 United States Code § 70503(a)(1) and § 70506(b). Count 2 charges the Defendant and five (5) co-defendants with possession with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of Title 46 United States Code § 70503(a)(1). The summary of the facts regarding the offense are set out in the factual proffer which will be provided to the Court at sentencing but are also set out in PSR paragraphs 5-10. As a result of Mr. Marcano's acceptance of responsibility and timely notification of his intention to plead guilty, the PSR properly recommends a three (3) level reduction, pursuant to *U.S.S.G. §3E1.1*.

Mr. Marcano pled guilty to Count One of the Indictment based on one instance where he was a crewmember aboard a GFV. Mr. Marcano was not the captain of the vessel, or responsible for navigating, maintaining the vessel, or undertaking any other specialized task related to the operation of the vessel. Additionally, Mr. Marcano did not design, build, commission, or own the subject GFV, and was solely recruited to serve as a crewmember aboard the GFV after all the preparations had been finalized by other individuals. As set forth herein, the Defendant's actual conduct and role herein was such that Mr. Marcano should receive a minor role reduction under *U.S.S.G. §3B1.2(b)*.

Therefore, Mr. Marcano respectfully requests that this court consider his actual role in the offense and his prompt acceptance of responsibility as sentencing factors that weigh strongly in Defendant's favor.

**2.      History and Characteristics of the Defendant**.

Mr. Marcano is a man whose father abandoned him and his mother when he was five (5) years old. He began working to help support his family at the age of eleven (11). He lost his mother when he was twelve (12) years old and went to live with his maternal grandparents. Mr. Marcano has the equivalent of a 4th-grade education. In an effort to atone for his illegal conduct herein, Mr. Marcano timely admitted to his conduct and accepted responsibility for the same.

Mr. Marcano is a family-oriented man, who has taken care of his children, and that of his partner, Sodermis Narvaez Marin and she is "his everything". (*PSR Page 10, Paragraph 41*). He fathered two children with Sodermis, twins named Anaisa Esmeralda and Esven Sebastian, age 6. Mr. Marcano also takes care of Sodermis' children from a prior relationship, Lucien, age 15 and Santiago, age 14. Moreover, Mr. Marcano helped raise his first wife's nephew, Ediel, age 13.

He has had a very hard life. *(See PSR paragraphs37-47).* Unfortunately, Mr. Marcano made one (1) wrong choice, in an otherwise long and law-abiding life, a choice that has resulted in his current situation and one that he is attempting to correct and atone for through his acceptance of responsibility.

Despite these difficult times and Mr. Marcano's current legal situation, his family and friends continue to support him. The overwhelming support that he continues to receive is further evidence that he is redeemable and will have significantly greater support than usual in his rehabilitation, which is a factor that weighs heavily in his favor. *See* *United States v. Jones, 158 F.3d 492 (10th*

*Cir. 1998)* (noting that defendant's community service and degree of community support was a valid factor for Court to consider in fashioning an appropriate sentence).

### FACTOR 2: THE PURPOSES OF SENTENCING - (REHABILITATION, SPECIFIC DETERRENT, GENERAL DETERRENT, AND RETRIBUTION)

**1.    REHABILITATION:**

A low-end sentence (with a total offense level 24) is sufficient, but not greater than necessary, for Mr. Marcano's rehabilitation. In fact, as we all know, there are few rehabilitation programs within the Federal Bureau of Prisons. Mr. Marcano's timely acceptance of responsibility, and remorse for his actions attest to his beginning his rehabilitation. Rather than to deny his involvement or to protect others, Mr. Marcano has instead demonstrated a desire to take responsibility for his actions and poor judgment.  These factors speak directly to his rehabilitation and weigh strongly in his favor.

**2. SPECIFIC DETERRENCE:**

A lengthy term of imprisonment is not necessary to protect society from Mr. Marcano, given that he poses a very low probability of recidivism. The Sentencing Commission's report, "Measuring Recidivism," demonstrated that (1) those who are married are less likely to recidivate than those who were not; (2) those who have not used illicit drugs are less likely to recidivate than those who did; (3) non-violent offenders are less likely to recidivate than violent offenders; (4) first time offenders are less likely to recidivate than repeat offenders; (5) those who are employed are less likely to recidivate than those who are not employed; and (6) those who are sentenced to non-jail sentences are less likely to recidivate than those who receive straight jail.  Furthermore, Commission studies show that minimal or no prior involvement with the criminal justice system is a powerful predictor of a reduced likelihood of recidivism. *See USSC, "A Comparison of the*

*Federal Sentencing Guidelines Criminal History Category and the U.S. Parole Commission Salient Factor Score,"at 15 (2005).*

Mr. Marcano's personal history shows that he has an exceedingly low chance of recidivism, based on the factors provided in the Sentencing Commission's studies. As set forth above, as well as in the PSR, Mr. Marcano has a supportive partner and nuclear family. Even his first wife and her nephew are supportive of Mr. Marcano. He has a criminal history category I and is charged with a non-violent offense. Furthermore, because he is not a US resident or citizen he will, upon release, be transferred to ICE custody to be processed for deportation. There he will spend many additional months in custody (estimated to be 4-6 months in additional custody) until ICE receives the necessary travel documents from Mr. Marcano's country of citizenship (Venezuela) before he is deported.  He does not have a Venezuelan passport and has not traveled outside of Venezuela during the last 10 years. *(See, PSR paragraph 43).* For these reasons, it is extremely unlikely that Mr. Marcano will ever commit another criminal offense.

**3. GENERAL DETERRENCE:**

"General Deterrence" aims to deter *others* from committing crimes. While the government may correctly point out that the instant offense is a serious crime, sentencing Mr. Marcano to a lengthy prison term is not necessary for purposes of general deterrence. Mr. Marcano is not a high- profile defendant who lived a lavish lifestyle based on criminal activity whom the public is likely to see as treated leniently unless he goes to prison for a lengthy period of time. On the contrary, his forthright remorse and acceptance of responsibility offer an example to the public of the importance of timely accepting responsibility for one's wrongdoing. By rewarding Mr. Marcano appropriately for his willingness to admit his illegal conduct, pleading guilty, and accepting responsibility for his actions, the Court effectively sends a message to others who may be involved in criminal behavior that prompt

acceptance of responsibility offers the opportunity to make up for prior wrongdoing. Also worthy of significant consideration is the resources saved by the United States Government by not having to prepare for trial and not having to go through the expense of a jury trial. Such a message has at least as much value for general deterrence purposes as sending Mr. Marcano to prison for a lengthy period.

### 4.   RETRIBUTION (JUST PUNISHMENT):

While retribution is an important statutory factor under §3553(a), the overriding command of the law is for the Court to achieve a sentence that is "sufficient but not greater than necessary." *See United States v. Adelson*, *441 F.Supp. 2d 506, 515 (SDNY 2006)* ("We are aware of no empirical evidence or studies indicating that a long prison sentence is necessary to achieve the retributive and general deterrence objectives applicable to a case like this one").

### FACTOR 3: THE KINDS OF SENTENCES AVAILABLE

Title 18 U.S.C. §3553(a) expressly dictates that "[t]he Court shall impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in ¶ (2) of this subsection" (*emphasis added*). As Judge Rakoff pointed out in *Adelson,* the operative word in this congressional mandate*,* is "necessary." *441 F.Supp.2d at 515*. Under Factor 3 in §3553(a), the Congress directs the Court to consider a wide range of alternatives to imprisonment if the availability of those alternatives would render a prison sentence "unnecessary."

### FACTORS 4-5: THE ADVISORY SENTENCING GUIDELINES AND POLICY STATEMENTS

The PSR finds Mr. Marcano's total offense at level 33, with a criminal history category of I, resulting in a sentencing range of 135 to 168 months. As set forth above, the Defendant should be entitled to a minor role reduction under *§3B1.2* and a safety valve adjustment under *§ 5C1.2.* Based on the foregoing arguments, Mr. Marcano's total offense level should be a level 24, resulting in a

sentencing range of 51 to 63 months' imprisonment. Defendant believes that a sentence at the low-end of the guidelines (i.e. 51 months' imprisonment with a small departure/variance for the time he will spend in ICE custody), without any other considerations, would be a reasonable and appropriate sentence.

**FACTOR 6: AVOIDING DISPARITY WITH SIMILAR OFFENDERS**

Here, Mr. Marcano and his Co-Defendants are all scheduled for sentencing at the same time. As no disparity of sentence presently exists, this Court should take notice of the extensive case law provided herein detailing the downward departures granted in cases involving similar offenses and/or guidelines calculations as those present herein. The Court should also note that most of the cases set forth above involve offense levels similar to the offense level of the Defendant herein.

**FACTOR 7: RESTITUTION**

Mr. Marcano's relevant conduct herein and offense of conviction do not carry a restitution obligation. Therefore, this sentencing factor is inapplicable as it relates to this Court's sentencing determination.

**III. OBJECTION TO PARAGRAPH 73 AND REQUEST FOR DOWNWARD DEPARTURE/VARIANCE PURSUANT TO *18 U.S.C. 3553* and *U.S.S.G § 5K2.0***

Mr. Marcano objects to paragraph 73 of the PSR wherein the probation officer states, "The probation officer has not identified any factors that may warrant a departure and/or variance." The Defendant asserts that there are factors that warrant a departure and/or variance and requests that the Court grant him a downward departure/ variance under 18 USC § 3553 and/or U.S.S.G. 5K2.0 for the following reasons:

First, for the additional incarceration time he will spend in ICE custody awaiting deportation

16

to Venezuela. After completion of his sentence, the Defendant will be transferred to INS custody to be processed for removal from the United States. The Defendant has no travel documents and must await, while in INS custody awaiting deportation, for the Government to obtain travel documents from Venezuela so he may be deported/removed and allowed to enter that country legally. It is estimated that the average additional time of incarceration while awaiting travel documents from a foreign country is 4-6 months on average. As a second basis for a variance, notwithstanding the probation officer's statement in paragraph 70 of the PSR, the defense requests that the Court take Judicial Notice of the United States Sentencing Commission (Statistical Information Packet for Fiscal Year 2023, Southern District of Florida. *(Attached hereto as **Exhibit "A"**).* [4] Pursuant to the sentencing data from the Sentencing Commission for the Southern District of Florida for the fiscal year 2023, district court judges granted variances in 57.5% of drug trafficking cases. Nationally, in 2023, district court judges granted variances in 41.1% of drug trafficking cases. The percentage of upward departures in the entire SDFL in drug trafficking cases in 2023 was zero. Nationally the percentage of upward departures in drug trafficking cases in 2023 was 0.3%. *(See, Table 10 at page 16 of **Exhibit "A"**).* Should the Court overrule Mr. Marcano's objections as set out herein, it would, in effect, be granting an upward departure sentence by default. The undersigned asks a rhetorical question: How is it possible that a probation officer can state that he/she "has not identified any factors that would warrant a departure and/or variance, when the data from the Sentencing Commission shows that in this district, judges have found in 57.5% of drug trafficking cases that there are factors that warrant a downward departure and/or variance and have given downward departures and/or variances?

---

4 https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2023/fls23.pdf

As a fourth basis for a downward departure/variance, this Court may impose a sentence below the Sentencing Guidelines, as other courts have done, because of the conditions of detention/confinement or imprisonment endured by the defendants. In doing so, the Court can follow the factors in 18 U.S.C. § 3553 or USSG § 5K2.0, which permits a downward departure for conditions of detention/confinement/incarceration. *See, United States v. Carty, 264 F.3d 191, 196 (2d Cir. 2001)* (holding that conditions of incarceration "may in appropriate cases be a permissible basis for downward departures); *United States v. Hernandez-Santiago, 92 F.3d 97 (2d Cir. 1996*); *United States v. Sutton, 973 F.Supp. 488, 493 (D.N.J. 1997), aff'd 156 F.3d 1226 (3d Cir. 1998);* and *United States v. Navarro, 962 F.Supp. 629, 635 (D.N.J. 19*97).

The defendants in this case were shackled 24/7, for fourteen (14) continuous days, and only momentarily unshackled when being allowed to shower, use the facilities to relieve themselves, when being fed, or when allowed to exercise at the discretion of the officer.

Mr. Marcano asserts that the above reasons taken individually or collectively provide sufficient reasons for a downward variance.

## IV.    CONCLUSION

**WHEREFORE**, for the reasons detailed herein, the Defendant, JOSE LUIS MARCANO ROMERO, respectfully prays that this Honorable Court adopt the above stated objections to the Presentence Investigation Report, and find that the guidelines range applicable herein is a level 24, criminal history category I, resulting in a range of 51 to 63 months, and sentence the Defendant to less than 51 months imprisonment by granting him a variance for the reasons set out in argument III herein as well as any other relief the Court deems appropriate under the circumstances.

Mr. Marcano and Counsel thank this Court for considering his objections to the Presentence Investigation Report (PSR), and Sentencing Memorandum. Counsel will have further remarks at the time of sentencing.

Respectfully submitted,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed via *CM/ECF* this 4th day of February, 2025, and a copy served upon all counsel of record.

Respectfully submitted,

**VICTOR E. ROCHA, P.A.**
9100 South Dadeland Blvd, Suite 1500
Miami, FL 33156
Tel: (305) 774-9111
Email: rochalaw@gmail.com

BY: /s /*Victor E. Rocha, Esq.*
VICTOR E. ROCHA, ESQ.
Florida Bar No. 366382

# EXHIBIT A

# United States Sentencing Commission



*Statistical  Information  Packet*

    *Fiscal Year 2023*

    *Southern District of Florida*

## TABLE OF CONTENTS

**Figure A**   Sentenced Individuals by Type of Crime   1

**Figure B**   Distribution of Primary Drug Type in Federal Drug Cases   2

**Table 1**   Distribution of Sentenced Individuals by Type of Crime   3

**Table 2**   Guilty Pleas and Trials in Each Circuit and District   4

**Table 3**   Guilty Pleas and Trials by Type of Crime   7

**Table 4**   Sentence Type by Type of Crime
(National)   8

**Table 5**   Sentence Type by Type of Crime
(District)   9

**Table 6**   Incarceration Rate of U.S. Citizens Eligible for Non-Prison Sentences
by Type of Crime   10

**Table 7**   Sentence Length by Type of Crime   11

**Table 8**   Sentence Imposed Relative to the Guideline Range   12

**Table 9**   Sentence Imposed Relative to the Guideline Range
in Each Circuit and District   13

**Table 10**   Sentence Imposed Relative to the Guideline Range
by Type of Crime   16

**Figure A**

**SENTENCED INDIVIDUALS BY TYPE OF CRIME**
**Fiscal Year 2023**

**National**



**Southern Florida**



The National figure includes the 64,124 cases reported to the Commission. The Drugs category includes trafficking and sin1ple possession.

The Southern District of Florida figure includes the 1,552 cases reported to the Commission.

SOURCE: U.S. Sentencing Commission, 2023 Datafde, USSCFY23.

**FigureB**

**DISTRIBUTION OF PRIMARY DRUG TYPE IN FEDERAL DRUG CASES**
**Fiscal Year 2023**

**National**



**Southern Florida**



Of the 64,124 National cases, in 19,066 the individual was sentenced under USSG Chapter Two, Part D (Drugs).

Of the 1,552 cases from the Southern District of Florida, in 416 the individual was sentenced under USSG Chapter Two, Part D (Drugs).

SOURCE:  U.S. Sentencing Commission, 2023 Dataftle, USSCFY23.

2

**Table 1**

## DISTRIBUTION OF SENTENCED INDIVIDUALS
## BY TYPE OF CRIME
### Fiscal Year 2023

| TYPE OF CRIME | National | | Southern Florida | |
|---|---|---|---|---|
| | N | % | N | % |
| TOTAL | 64,124 | 100.0 | 1,552 | 100.0 |
| Administration of Justice | 647 | 1.0 | 15 | 1.0 |
| Antitrust | 18 | 0.0 | 0 | 0.0 |
| Arson | 106 | 0.2 | 0 | 0.0 |
| Assault | 852 | 1.3 | 4 | 0.3 |
| Bribery/Corruption | 366 | 0.6 | 26 | 1.7 |
| Burglary/Trespass | 85 | 0.1 | | |
| Child Pornography | 1,408 | 2.2 | 1 | 0.1 |
| Commercialized Vice | 84 | 0.1 | 49 | 3.2 |
| | | | 0 | 0.0 |
| Drug Possession | 139 | 0.2 | 1 | 0.1 |
| Drug Trafficking | 19,007 | 29.6 | 415 | 26.7 |
| Environmental | 160 | 0.2 | 18 | 1.2 |
| Extortion/Racketeering | 130 | 0.2 | 1 | 0.1 |
| Firearms | 8,832 | 13.8 | 174 | 11.2 |
| Food and Drug | 55 | 0.1 | 2 | 0.1 |
| Forgery/Counter/Copyright | 112 | 0.2 | 2 | 0.1 |
| Fraud/Theft/Embezzlement | 5,205 | 8.1 | 299 | 19.3 |
| Immigration | 19,226 | 30.0 | 332 | 21.4 |
| Individual Rights | 113 | 0.2 | 1 | 0.1 |
| Kidnapping | 151 | 0.2 | 6 | 0.4 |
| Manslaughter | 86 | 0.1 | 0 | 0.0 |
| Money Laundering | 1,312 | 2.0 | 70 | 4.5 |
| Murder | 489 | 0.8 | 9 | 0.6 |
| National Defense | 237 | 0.4 | 7 | 0.5 |
| Obscenity/Other Sex Offenses Prison Offenses | 455 | 0.7 | 6 | 0.4 |



|  | 326 |  | 0.5 |  |  |
|---|---|---|---|---|---|
|  |  |  | 4 |  |  |
|  |  |  | 0.3 |  |  |
| Robbery |  | 1,503 | 2.3 | 45 | 2.9 |
| Sexual Abuse |  | 1,395 | 2.2 | 34 | 2.2 |
| Stalking/Harassing |  | 240 | 0.4 | 8 | 0.5 |
| Tax |  | 446 | 0.7 | 21 | 1.4 |
| Other |  | 939 | 1.5 | 2 | 0.1 |

SOURCE:   U.S. Sentencing Commission, 2023 Datafile, USSCFY23.

3

Table 2

## GUILTY PLEAS AND TRIALS IN EACH CIRCUIT AND DISTRICT
### Fiscal Year 2023

| CIRCUIT | | PLEA | | TRIAL | |
|---|---|---|---|---|---|
| District | TOTAL | N | % | N | % |
| **TOTAL** | **64,124** | **62,300** | **97.2** | **1,824** | **2.8** |
| | | | | | |
| **D.C. CIRCUIT** | **503** | **388** | **77.1** | **115** | **22.9** |
| **District of Columbia** | **503** | 388 | 77.1 | 115 | 22.9 |
| | | | | | |
| **FIRST CIRCUIT** | **1,949** | **1,905** | **97.7** | **44** | 2.3 |
| **Maine** | **116** | 115 | 99.1 | 1 | 0.9 |
| **Massachusetts** | **477** | 449 | 94.1 | 28 | 5.9 |
| **New Hampshire** | **160** | 159 | 99.4 | 1 | 0.6 |
| **Puerto Rico** | **1,090** | 1,076 | 98.7 | 14 | 1.3 |
| **Rhode Island** | **106** | 106 | 100.0 | 0 | 0.0 |
| | | | | | |
| **SECOND CIRCUIT** | **3,219** | **3,075** | **95.5** | **144** | 4.5 |
| **Connecticut** | **355** | 342 | 96.3 | 13 | 3.7 |
| **New York** | | | | | |
| **Eastern** | **709** | 663 | 93.5 | 46 | 6.5 |
| **Northern** | **459** | 452 | 98.5 | 7 | 1.5 |
| **Southern** | **1,148** | 1,083 | 94.3 | 65 | 5.7 |
| **Western** | **411** | 399 | 97.1 | 12 | 2.9 |
| **Vermont** | **137** | 136 | 99.3 | 1 | 0.7 |
| | | | | | |
| **THIRD CIRCUIT** | **2,362** | **2,259** | **95.6** | **103** | **4.4** |
| **Delaware** | **104** | 101 | 97.1 | 3 | 2.9 |
| **New Jersey** | **723** | 694 | 96.0 | 29 | 4.0 |
| **Pennsylvania** | | | | | |
| **Eastern** | **529** | 496 | 93.8 | 33 | 6.2 |
| **Middle** | **409** | 391 | 95.6 | 18 | 4.4 |
| **Western** | **530** | 515 | 97.2 | 15 | 2.8 |
| **Virgin Islands** | **67** | 62 | 92.5 | 5 | 7.5 |
| | | | | | |
| **FOURTH CIRCUIT** | **4,313** | **4,127** | **95.7** | **186** | **4.3** |
| **Maryland** | **503** | 471 | 93.6 | 32 | 6.4 |
| **North Carolina** | | | | | |
| **Eastern** | **847** | 825 | 97.4 | 22 | 2.6 |
| **Middle** | **326** | 317 | 97.2 | 9 | 2.8 |
| **Western** | **362** | 341 | 94.2 | 21 | 5.8 |
| **South Carolina** | **644** | 630 | 97.8 | 14 | 2.2 |
| **Virginia** | | | | | |
| **Eastern** | **884** | 832 | 94.1 | 52 | 5.9 |
| **Western** | **210** | 196 | 93.3 | 14 | 6.7 |
| **West Virginia** | | | | | |
| **Northern** | **310** | 298 | 96.1 | 12 | 3.9 |
| **Southern** | **227** | 217 | 95.6 | 10 | 4.4 |

4

| CIRCUIT District | TOTAL | PLEA | | TRIAL | |
|---|---|---|---|---|---|
| | | N | % | N | % |
| **FIFTH CIRCUIT** | **17,542** | **17,357** | **98.9** | **185** | **1.1** |
| **Louisiana** | | | | | |
| Eastern | **331** | 318 | 96.1 | 13 | 3.9 |
| Middle | **96** | 93 | 96.9 | 3 | 3.1 |
| Western | **340** | 331 | 97.4 | 9 | 2.6 |
| **Mississippi** | | | | | |
| Northern | **164** | 159 | 97.0 | 5 | 3.0 |
| Southern | **372** | 358 | 96.2 | 14 | 3.8 |
| **Texas** | | | | | |
| Eastern | **716** | 706 | 98.6 | 10 | 1.4 |
| Northern | **1,559** | 1,535 | 98.5 | 24 | 1.5 |
| Southern | **6,425** | 6,379 | 99.3 | 46 | 0.7 |
| Western | **7,539** | 7,478 | 99.2 | 61 | 0.8 |
| **SIXTH CIRCUIT** | **4,613** | **4,442** | **96.3** | **171** | **3.7** |
| **Kentucky** | | | | | |
| Eastern | **444** | 413 | 93.0 | 31 | 7.0 |
| Western | **337** | 320 | 95.0 | 17 | 5.0 |
| **Michigan** | | | | | |
| Eastern | **696** | 669 | 96.1 | 27 | 3.9 |
| Western | **240** | 228 | 95.0 | 12 | 5.0 |
| **Ohio** | | | | | |
| Northern | **880** | 847 | 96.3 | 33 | 3.8 |
| Southern | **623** | 612 | 98.2 | 11 | 1.8 |
| **Tennessee** | | | | | |
| Eastern | **647** | 632 | 97.7 | 15 | 2.3 |
| Middle | **288** | 278 | 96.5 | 10 | 3.5 |
| Western | **458** | 443 | 96.7 | 15 | 3.3 |
| **SEVENTH CIRCUIT** | **2,270** | **2,164** | **95.3** | **106** | **4.7** |
| **Illinois** | | | | | |
| Central | **260** | 239 | 91.9 | 21 | 8.1 |
| Northern | **620** | 587 | 94.7 | 33 | 5.3 |
| Southern | **261** | 239 | 91.6 | 22 | 8.4 |
| **Indiana** | | | | | |
| Northern | **262** | 250 | 95.4 | 12 | 4.6 |
| Southern | **393** | 382 | 97.2 | 11 | 2.8 |
| **Wisconsin** | | | | | |
| Eastern | **328** | 322 | 98.2 | 6 | 1.8 |
| Western | **146** | 145 | 99.3 | 1 | 0.7 |
| **EIGHTH CIRCUIT** | **5,143** | **4,993** | **97.1** | **150** | **2.9** |
| **Arkansas** | | | | | |
| Eastern | **548** | 531 | 96.9 | 17 | 3.1 |
| Western | **177** | 175 | 98.9 | 2 | I.I |
| **Iowa** | | | | | |
| Northern | **338** | 327 | 96.7 | 11 | 3.3 |
| Southern | **440** | 423 | 96.1 | 17 | 3.9 |
| **Minnesota** | **353** | 338 | 95.8 | 15 | 4.2 |
| **Missouri** | | | | | |
| Eastern | **954** | 943 | 98.8 | 11 | 1.2 |
| Western | **841** | 819 | 97.4 | 22 | 2.6 |
| **Nebraska** | **567** | 552 | 97.4 | 15 | 2.6 |
| **North Dakota** | **413** | 404 | 97.8 | 9 | 2.2 |
| **South Dakota** | **512** | 481 | 93.9 | 31 | 6.1 |

5

| CIRCUIT District | TOTAL | PLEA | | TRIAL | |
|---|---|---|---|---|---|
| | | N | % | N | % |
| **NINTH CIRCUIT** | 12,151 | 11,909 | 98.0 | 242 | 2.0 |
| Alaska | 177 | 165 | 93.2 | 12 | 6.8 |
| Arizona | 4,812 | 4,790 | 99.5 | 22 | 0.5 |
| California | | | | | |
|   Central | 944 | 887 | 94.0 | 57 | 6.0 |
|   Eastern | 392 | 381 | 97.2 | 11 | 2.8 |
|   Northern | 386 | 365 | 94.6 | 21 | 5.4 |
|   Southern | 3,189 | 3,150 | 98.8 | 39 | 1.2 |
| Guam | 26 | 23 | 88.5 | 3 | 11.5 |
| Hawaii | 119 | 109 | 91.6 | 10 | 8.4 |
| Idaho | 292 | 278 | 95.2 | 14 | 4.8 |
| Montana | 369 | 358 | 97.0 | 11 | 3.0 |
| Nevada | 362 | 351 | 97.0 | 11 | 3.0 |
| Northern Mariana Islands | 25 | 24 | 96.0 | 1 | 4.0 |
| Oregon | 410 | 396 | 96.6 | 14 | 3.4 |
| Washington | | | | | |
|   Eastern | 289 | 284 | 98.3 | 5 | 1.7 |
|   Western | 359 | 348 | 96.9 | 11 | 3.1 |
| **TENTH CIRCUIT** | 4,878 | 4,756 | 97.5 | 122 | 2.5 |
| Colorado | 340 | 323 | 95.0 | 17 | 5.0 |
| Kansas | 341 | 328 | 96.2 | 13 | 3.8 |
| New Mexico | 2,006 | 1,986 | 99.0 | 20 | 1.0 |
| Oklahoma | | | | | |
|   Eastern | 215 | 190 | 88.4 | 25 | 11.6 |
|   Northern | 400 | 381 | 95.3 | 19 | 4.8 |
|   Western | 677 | 665 | 98.2 | 12 | 1.8 |
| Utah | 761 | 750 | 98.6 | 11 | 1.4 |
| Wyoming | 138 | 133 | 96.4 | 5 | 3.6 |
| **ELEVENTH CIRCUIT** | 5,181 | 4,925 | 95.1 | 256 | 4.9 |
| Alabama | | | | | |
|   Middle | 218 | 212 | 97.2 | 6 | 2.8 |
|   Northern | 405 | 394 | 97.3 | 11 | 2.7 |
|   Southern | 308 | 296 | 96.1 | 12 | 3.9 |
| Florida | | | | | |
|   Middle | 1,104 | 1,025 | 92.8 | 79 | 7.2 |
|   Northern | 254 | 236 | 92.9 | 18 | 7.1 |
|   Southern | 1,552 | 1,465 | 94.4 | 87 | 5.6 |
| Georgia | | | | | |
|   Middle | 384 | 372 | 96.9 | 12 | 3.1 |
|   Northern | 585 | 561 | 95.9 | 24 | 4.1 |
|   Southern | 371 | 364 | 98.1 | 7 | 1.9 |

Of the 64,124 National cases, no cases were excluded.

SOURCE:  U.S. Sentencing Commission, 2023 Datafile, USSCFY23.

6

Table 3

## GUILTY PLEAS AND TRIALS BY TYPE OF CRIME
### Fiscal Year 2023

| | | National | | | | | Southern Florida | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | PLEA | | TRIAL | | | PLEA | | TRIAL | |
| TYPE OF CRIME | TOTAL | N | % | N | % | | N | % | N | % |
| TOTAL | 64,124 | 62,300 | 97.2 | 1,824 | 2.8 | | 1,465 | 94.4 | 87 | 5.6 |
| Administration of Justice | 647 | 540 | 83.5 | 107 | 16.5 | | 14 | 93.3 | 1 | 6.7 |
| Antitrust | 18 | 18 | 100.0 | 0 | 0.0 | | 0 | | 0 | |
| Arson | 106 | 104 | 98.1 | 2 | 1.9 | | 0 | | 0 | |
| Assault | 852 | 782 | 91.8 | 70 | 8.2 | | 2 | 50.0 | 2 | 50.0 |
| Bribery/Corruption | 366 | 335 | 91.5 | 31 | 8.5 | | 26 | 100.0 | 0 | 0.0 |
| Burglary/Trespass | 85 | 81 | 95.3 | 4 | 4.7 | | 1 | 100.0 | 0 | 0.0 |
| Child Pornography | 1,408 | 1,367 | 97.1 | 41 | 2.9 | | 46 | 93.9 | 3 | 6.1 |
| Commercialized Vice | 84 | 83 | 98.8 | 1 | 1.2 | | 0 | | 0 | |
| Drug Possession | 139 | 136 | 97.8 | 3 | 2.2 | | 1 | 100.0 | 0 | 0.0 |
| Drug Trafficking | 19,007 | 18,576 | 97.7 | 431 | 2.3 | | 403 | 97.1 | 12 | 2.9 |
| Environmental | 160 | 155 | 96.9 | 5 | 3.1 | | 17 | 94.4 | 1 | 5.6 |
| Extortion/Racketeering | 130 | 121 | 93.1 | 9 | 6.9 | | 1 | 100.0 | 0 | 0.0 |
| Firearms | 8,832 | 8,615 | 97.5 | 217 | 2.5 | | 162 | 93.1 | 12 | 6.9 |
| Food and Drug | 55 | 55 | 100.0 | 0 | 0.0 | | 2 | 100.0 | 0 | 0.0 |
| Forgery/Counter/Copyright | 112 | 106 | 94.6 | 6 | 5.4 | | 2 | 100.0 | 0 | 0.0 |
| Fraud/Theft/Embezzlement | 5,205 | 4,980 | 95.7 | 225 | 4.3 | | 279 | 93.3 | 20 | 6.7 |
| Immigration | 19,226 | 19,158 | 99.6 | 68 | 0.4 | | 328 | 98.8 | 4 | 1.2 |
| Individual Rights | 113 | 96 | 85.0 | 17 | 15.0 | | 1 | 100.0 | 0 | 0.0 |
| Kidnapping | 151 | 126 | 83.4 | 25 | 16.6 | | 3 | 50.0 | 3 | 50.0 |
| Manslaughter | 86 | 78 | 90.7 | 8 | 9.3 | | 0 | | 0 | |
| Money Laundering | 1,312 | 1,202 | 91.6 | 110 | 8.4 | | 63 | 90.0 | 7 | 10.0 |
| Murder | 489 | 370 | 75.7 | 119 | 24.3 | | 4 | 44.4 | 5 | 55.6 |
| National Defense | 237 | 230 | 97.0 | 7 | 3.0 | | 7 | 100.0 | 0 | 0.0 |
| Obscenity/Other Sex Offenses | 326 | 320 | 98.2 | 6 | 1.8 | | 3 | 75.0 | 1 | 25.0 |
| Prison Offenses | 455 | 450 | 98.9 | 5 | 1.1 | | 6 | 100.0 | 0 | 0.0 |
| Robbery | 1,503 | 1,422 | 94.6 | 81 | 5.4 | | 38 | 84.4 | 7 | 15.6 |
| Sexual Abuse | 1,395 | 1,240 | 88.9 | 155 | 11.1 | | 26 | 76.5 | 8 | 23.5 |
| Stalking/Harassing | | | | | | | 7 | 87.5 | 1 | 12.5 |
| | | | | | | | 21 | 100.0 | 0 | 0.0 |
| | | | | | | | 2 | 100.0 | 0 | 0.0 |

7

| | | | | | | |
|---|---|---|---|---|---|---|
| **Tax** | | **240** | 219 | 91.3 | 21 | 8.8 |
| **Other** | | **446** | 407 | 91.3 | 39 | 8.7 |
| | | **939** | 928 | 98.8 | 11 | 1.2 |

Of the 64,124 National cases, no cases were excluded.

Of the 1,552 cases from the Southern District of Florida, no cases were excluded.

SOURCE:  U.S. Sentencing Commission, 2023 Datafile, USSCFY23.

Table 4

SENTENCE TYPE BY TYPE OF CRIME
Fiscal Year 2023

National

| TYPE OF CRIME | TOTAL | Prison Only | | Prison and Alternatives | | Probation and Alternatives | | Probation Only | | Fine Only | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | N | % | N | % | N | % | N | % | N | % |
| TOTAL | 64,124 | 57,579 | 89.8 | 1,689 | 2.6 | 755 | 1.2 | 3,808 | 5.9 | 293 | 0.5 |
| Administration of Justice | 647 | 483 | 74.7 | 23 | 3.6 | 30 | 4.6 | 106 | 16.4 | 5 | 0.8 |
| Antitrust | 18 | 5 | 27.8 | 4 | 22.2 | 4 | 22.2 | 5 | 27.8 | 0 | 0.0 |
| Arson | 106 | 99 | 93.4 | 3 | 2.8 | I | 0.9 | 3 | 2.8 | 0 | 0.0 |
| Assault | 852 | 759 | 89.1 | 29 | 3.4 | 10 | 1.2 | 48 | 5.6 | 6 | 0.7 |
| Bn"bery/Corruption | 366 | 259 | 70.8 | 20 | 5.5 | 22 | 6.0 | 64 | 17.5 | 1 | 0.3 |
| Burglaryffrespass | 85 | 68 | 80.0 | 1 | 1.2 | 8 | 9.4 | 8 | 9.4 | 0 | 0.0 |
| Child Pornography | 1,408 | 1,381 | 98.1 | 14 | LO | 0 | 0.0 | 13 | 0.9 | 0 | 0.0 |
| Commercialized Vice | 84 | 69 | 82.1 | 4 | 4.8 | 4 | 4.8 | 7 | 8.3 | 0 | 0.0 |
| Drug Possession | 139 | 70 | 50.4 | 0 | 0.0 | 0 | 0.0 | 51 | 36.7 | 18 | 12.9 |
| Drug Trafficking | 19,007 | 17,862 | 94.0 | 613 | 3.2 | 113 | 0.6 | 417 | 2.2 | 2 | 0.0 |
| Environmental | 160 | 38 | 23.8 | 5 | 3.1 | 6 | 3.8 | 102 | 63.8 | 9 | 5.6 |
| Extortion/Racketeering | 130 | 101 | 77.7 | 5 | 3.8 | 4 | 3.1 | 20 | 15.4 | 0 | 0.0 |
| Firearms | 8,832 | 8,078 | 91.5 | 179 | 2.0 | 109 | 1.2 | 458 | 5.2 | 8 | 0.1 |
| Food and Drug | 55 | 21 | 38.2 | 1 | 1.8 | 3 | 5.5 | 28 | 50.9 | 2 | 3.6 |
| Forgery/Counter/Copyright | 112 | 74 | 66.1 | 8 | 7.1 | 5 | 4.5 | 25 | 22.3 | 0 | 0.0 |
| Fraudffheft/Embeulement | 5 205 | 3 656 | 70.2 | 201 | 3.9 | 229 | 4.4 | 1076 | 20.7 | 43 | 0.8 |
| Immigration | 19,226 | 18,108 | 94.2 | 344 | 1.8 | 93 | 0.5 | 681 | 3.5 | 0 | 0.0 |
| Individual Rights | 113 | 76 | 67.3 | 4 | 3.5 | 2 | 1.8 | 31 | 27.4 | 0 | 0.0 |
| Kidnapping | 151 | 141 | 93.4 | 9 | 6.0 | 0 | 0.0 | 1 | 0.7 | 0 | 0.0 |
| Manslaughter | 86 | 82 | 95.3 | 2 | 2.3 | 0 | 0.0 | 2 | 2.3 | 0 | 0.0 |
| Money Laundering | 1,312 | 1,122 | 85.5 | 50 | 3.8 | 37 | 2.8 | 101 | 7.7 | 2 | 0.2 |
| Murder | 489 | 479 | 98.0 | 10 | 2.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| National Defense | 237 | 188 | 79.3 | 11 | 4.6 | 3 | 1.3 | 14 | 5.9 | 21 | 8.9 |
| Obscenity/Other Sex Offenses | 326 | 285 | 87.4 | 24 | 7.4 | 4 | 1.2 | 13 | 4.0 | 0 | 0.0 |
| Prison Offenses | 455 | 427 | 93.8 | 13 | 2.9 | 4 | 0.9 | 10 | 2.2 | 1 | 0.2 |
| Robbery | 1,503 | 1,450 | 96.5 | 41 | 2.7 | 0 | 0.0 | 12 | 0.8 | 0 | 0.0 |
| Sexual Abuse | 1,395 | 1,354 | 97.1 | 34 | 2.4 | 3 | 0.2 | 4 | 0.3 | 0 | 0.0 |
| Stalking/Harassing | 240 | 208 | 86.7 | 9 | 3.8 | 9 | 3.8 | 14 | 5.8 | 0 | 0.0 |
| Tax | 446 | 265 | 59.4 | 24 | 5.4 | 37 | 8.3 | 120 | 26.9 | 0 | 0.0 |
| Other | 939 | 371 | 39.5 | 4 | 0.4 | 15 | 1.6 | 374 | 39.8 | 175 | 18.6 |

Of the 64,124 National cases, no cases were excluded.

Alternatives include all cases in which sentenced individuals received conditions of confinement as described in USSG §5Cl.1.

SOURCE:  U.S. Sentencing Commission, 2023 Datafile, USSCFY23.

**Table 5**

**SENTENCE TYPE BY TYPE OF CRIME**
**Fiscal Year 2023**

**Southern Florida**

| 1YPE OF CRIME | TOTAL | Prison Only | | Prison and Alternatives | | Probation and Alternatives | | Probation Only | | Fine Only | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | N | % | N | % | N | % | N | % | N | % |
| **TOTAL** | **1,552** | **1,421** | **91.6** | **63** | **4.1** | **29** | **1.9** | **39** | 2.5 | 0 | **0.0** |
| **Administration of Justice** | 15 | 13 | 86.7 | 0 | 0.0 | 0 | 0.0 | 2 | 13.3 | 0 | 0.0 |
| **Antitrust** | 0 | 0 | | 0 | | 0 | | 0 | | 0 | |
| **Arson** | 0 | 0 | | 0 | | 0 | | 0 | | 0 | |
| **Assault** | 4 | 3 | 75.0 | 0 | 0.0 | 0 | 0.0 | 1 | 25.0 | 0 | 0.0 |
| **Bribery/Corruption** | 26 | 23 | 88.5 | 1 | 3.8 | 1 | 3.8 | 1 | 3.8 | 0 | 0.0 |
| **Burglary/Trespass** | 1 | 0 | 0.0 | 0 | 0.0 | 1 | 100.0 | 0 | 0.0 | 0 | 0.0 |
| **Child Pornography** | 49 | 48 | 98.0 | 1 | 2.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| **Commercialized Vice** | 0 | 0 | | 0 | | 0 | | 0 | | 0 | |
| **Drug Possession** | 1 | 1 | **100.0** | 0 | **0.0** | 0 | **0.0** | 0 | 0.0 | 0 | **0.0** |
| **Drug Trafficking** | 415 | 398 | 95.9 | 10 | 2.4 | 3 | 0.7 | 4 | 1.0 | 0 | 0.0 |
| **Environmental** | 18 | 10 | 55.6 | 2 | 11.1 | 0 | 0.0 | 6 | 33.3 | 0 | 0.0 |
| **Extortion/Racketeering** | 1 | 1 | 100.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| **Fireanns** | 174 | 166 | 95.4 | 7 | 4.0 | 0 | 0.0 | 1 | 0.6 | 0 | 0.0 |
| **Food and Drug** | 2 | 2 | 100.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| **Forgery/Counter/Copyright** | 2 | 1 | 50.0 | 1 | 50.0 | 0 | **0.0** | 0 | 0.0 | 0 | 0.0 |
| **Fraud/Theft/Embezzlement** | 299 | 242 | 80.9 | 25 | 8.4 | 13 | 4.3 | 19 | 6.4 | 0 | 0.0 |
| **Immigration** | 332 | 327 | 98.5 | 1 | 0.3 | 2 | 0.6 | 2 | 0.6 | 0 | 0.0 |
| **Individual Rights** | 1 | 0 | 0.0 | 1 | 100.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| **Kidnapping** | 6 | 5 | 83.3 | 1 | 16.7 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| **Manslaughter** | 0 | 0 | | 0 | | 0 | | 0 | | 0 | |
| **Money Laundering** | 70 | 57 | 81.4 | 7 | 10.0 | 4 | 5.7 | 2 | 2.9 | 0 | 0.0 |
| **Murder** | 9 | 8 | 88.9 | 1 | 11.1 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| **National Defense** | 7 | 6 | 85.7 | 0 | 0.0 | 1 | 14.3 | 0 | 0.0 | 0 | 0.0 |
| **Obscenity/Other Sex Offenses** | 4 | 3 | 75.0 | 0 | 0.0 | 1 | 25.0 | 0 | 0.0 | 0 | 0.0 |
| **Prison Offenses** | 6 | 6 | 100.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| **Robbery** | 45 | 44 | 97.8 | 1 | 2.2 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| **Sexual Abuse** | 34 | 33 | 97.1 | 1 | 2.9 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| **Stalking/Harassing** | 8 | 7 | 87.5 | 1 | 12.5 | 0 | 0.0 | 0 | 0.0 | 0 | 0.0 |
| **Tax** | 21 | 16 | 76.2 | 2 | 9.5 | 2 | 9.5 | 1 | **4.8** | 0 | 0.0 |
| **Other** | 2 | 1 | 50.0 | 0 | 0.0 | 1 | 50.0 | 0 | 0.0 | 0 | 0.0 |

Of the 1,552 cases from the Southern District of Florida, no cases were excluded.

Alternatives include all cases in which sentenced individuals received conditions of confinement as described in USSG §5Cl.1.

SOURCE:  U.S. Sentencing Commission, 2023 Datafile, USSCFY23.

9

Table6

INCARCERATION RATE OF U.S. CITIZENS ELIGIBLE FOR NON-PRISON SENTENCES
BY TYPE OF CRIME
Fiscal Year 2023

| | | National | | | | Southern Florida | | | |
| | | Prison Sentence | | Non-Prison Sentence | | Prison Sentence | | Non-Prison Sentence | |
| TYPE OF CRIME | TOTAL | N | % | N | % | N | % | N | % |
|---|---|---|---|---|---|---|---|---|---|
| TOTAL | 3,529 | 1,717 | 48.7 | 1,812 | 51.3 | 39 | 50.0 | 39 | 50.0 |
| Administration of Justice | 108 | 68 | 63.0 | 40 | 37.0 | 1 | 33.3 | 2 | 66.7 |
| Antitrust | 2 | 0 | 0.0 | 2 | 100.0 | 0 | | 0 | |
| Arson | 3 | 3 | 100.0 | 0 | 0.0 | 0 | | 0 | |
| Assault | 74 | 38 | 51.4 | 36 | 48.6 | 0 | 0.0 | 1 | 100.0 |
| Bnl>ery/Corruption | 21 | 4 | 19.0 | 17 | 8t.O | 0 | 0.0 | 2 | **100.0** |
| Burglary/Trespass | 35 | 25 | 71.4 | 10 | 28.6 | 0 | 0.0 | 1 | 100.0 |
| Child Pornography | 0 | 0 | | 0 | | 0 | | 0 | |
| Commercialized Vice | 9 | 4 | 44.4 | 5 | 55.6 | 0 | | 0 | |
| Drug Possession | 102 | 53 | 52.0 | 49 | 48.0 | 1 | 100.0 | 0 | 0.0 |
| Drug Trafficking | 265 | 175 | 66.0 | 90 | 34.0 | 5 | 45.5 | 6 | 54.5 |
| Environmental | 64 | 6 | **9.4** | 58 | 90.6 | 0 | 0.0 | 3 | 100.0 |
| Extortion/Racketeering | 11 | 3 | 27.3 | 8 | 72.7 | 0 | | 0 | |
| Firearms | 133 | 56 | 42.1 | 77 | 57.9 | 3 | **100.0** | 0 | 0.0 |
| Food and Drug | 28 | 5 | 17.9 | 23 | 82.1 | 0 | | 0 | |
| Forgery/Counter/Copyright | 20 | 7 | 35.0 | 13 | 65.0 | 0 | | 0 | |
| Fraud/Theft/Embezzlement | 1,157 | 448 | 38.7 | 709 | 61.3 | 23 | 54.8 | 19 | 45.2 |
| Immigration | 759 | 542 | 71.4 | 217 | 28.6 | 0 | 0.0 | 2 | 100.0 |
| Individual Rights | 18 | 3 | 16.7 | 15 | 83.3 | 0 | | 0 | |
| Kidnapping | 0 | 0 | | 0 | | 0 | | 0 | |
| Manslaughter | 1 | 1 | 100.0 | 0 | 0.0 | 0 | | 0 | |
| Money Laundering | 52 | 29 | 55.8 | 23 | 44.2 | 0 | 0.0 | 1 | 100.0 |
| Murder | 0 | 0 | | 0 | | 0 | | 0 | |
| Natiooal Defense | 18 | 1 | 5.6 | 17 | 94.4 | 0 | | 0 | |
| Obscenity/Other Sex Offenses | 16 | 11 | 68.8 | 5 | 31.3 | 0 | 0.0 | 1 | 100.0 |
| Prison Offenses | 145 | 133 | 91.7 | **12** | 8.3 | 3 | 100.0 | 0 | 0.0 |
| Robbery | **0** | 0 | | 0 | | 0 | | 0 | |
| Sexual Abuse | 2 | 1 | 50.0 | 1 | 50.0 | 0 | | 0 | |
| Stalking/Harassing | 24 | 20 | 83.3 | 4 | 16.7 | 3 | 100.0 | 0 | 0.0 |
| Tax | 19 | 3 | 15.8 | 16 | 84.2 | 0 | | 0 | |
| Other | 443 | 78 | 17.6 | 365 | 82.4 | 0 | 0.0 | 1 | 100.0 |

Of the 64,124 National cases, a U.S. Citizen was the sentenced individual in 42,295 cases. Of these, 38,766 cases were excluded because the sentenced individual was ineligible for a non-prison sentence.

Of the 1,552 cases from the Southern District of Florida, a U.S. Citizen was the sentenced individual in 818 cases. Of these, 740 cases were excluded because the sentenced individual was ineligible for a non-prison sentence.

SOURCE:  U.S. Sentencing Commission, 2023 Datafile, USSCFY23.

10

Table 7

## SENTENCE LENGTH BY TYPE OF CRIME
### Fiscal Year 2023

| TYPE OF CRIME | National | | | Southern Florida | | |
|---|---|---|---|---|---|---|
| | Mean Months | Median Months | N | Mean Months | Median Months | N |
| TOTAL | 52 | 24 | 64,123 | 55 | 32 | 1,552 |
| Administration of Justice | 16 | 10 | 647 | 13 | 8 | 15 |
| Antitrust | 6 | 6 | 18 | | | 0 |
| Arson | 58 | 57 | 106 | | | 0 |
| Assault | 71 | 47 | 852 | 166 | 98 | 4 |
| Bribery/Corruption | 21 | 14 | 366 | 25 | 24 | 26 |
| Burglary/Trespass | 16 | 8 | 85 | | | 1 |
| Child Pornography | 115 | 97 | 1,408 | 128 | 108 | 49 |
| Commercialized Vice | 21 | 12 | 84 | | | 0 |
| Drug Possession | 2 | 0 | 139 | | | |
| Drug Trafficking | 82 | 63 | 19,007 | 80 | 70 | 415 |
| Environmental | 3 | 0 | 160 | 7 | 0 | 18 |
| Extortion/Racketeering | 32 | 24 | 130 | | | 1 |
| Firearms | 49 | 40 | 8,832 | 61 | 48 | 174 |
| Food and Drug | 10 | 0 | 55 | | | 2 |
| Forgery/Counter/Copyright | 18 | 12 | 112 | | | 2 |
| Fraud/Theft/Embezzlement | 22 | 12 | 5,205 | 28 | 24 | 299 |
| Immigration | 12 | 8 | 19,225 | 10 | 6 | 332 |
| Individual Rights | 55 | 15 | 113 | | | 1 |
| Kidnapping | 199 | 168 | 151 | 401 | 470 | 6 |
| Manslaughter | 75 | 69 | 86 | | | 0 |
| Money Laundering | 63 | 36 | 1,312 | 51 | 29 | 70 |
| Murder | 285 | 276 | 489 | 385 | 470 | 9 |
| National Defense | 38 | 24 | 237 | 53 | 30 | 7 |
| Obscenity/Other Sex Offenses | 23 | 18 | 326 | 15 | 13 | 4 |
| | | | | 23 | 14 | 6 |
| Prison Offenses | 14 | 12 | 455 | 116 | 106 | 45 |
| Robbery | 110 | 96 | 1,503 | 201 | 180 | 34 |
| Sexual Abuse | 213 | 180 | 1,395 | | | |
| Stalking/Harassing | 29 | 20 | 240 | 14 | 17 | 8 |
| Tax | 15 | 12 | 446 | 21 | 15 | 21 |
| Other | 4 | 0 | 939 | | | 2 |

11

Of the 64,124 National cases, one case was excluded due to missing or indeterminable sentencing information.

Of the 1,552 cases from the Southern District of Florida, no cases were excluded.

Sentences of 470 months or greater (including life) and probation were included in the sentence average computations as 470 months and zero months, respectively. The information in this table includes conditions of confinement as described in USSG §5C1.1.

SOURCE: U.S. Sentencing Commission, 2023 Datafile, USSCFY23.

**Table 8**

**SENTENCE IMPOSED RELATIVE TO THE GUIDELINE RANGE[1]**
**Fiscal Year 2023**

| | National | | Southern Florida | |
|---|---|---|---|---|
| | N | % | N | % |
| **TOTAL CASES** | **63.812** | **100.0** | **1514** | **100.0** |
| **SENTENCES UNDER THE GUIDELINES MANUAL** | **421684** | **66.9** | **873** | **57.2** |
| Within Guideline Range | 27,087 | 42.4 | 745 | 49.2 |
| Upward Departure[2] | 314 | 0.5 | 4 | 0.3 |
| Downward Departure | | | | |
| §SKI.I  Substantial Assistance | 6,499 | 10.2 | 108 | 7.1 |
| §5K3.1  Early Disposition Program | 6,363 | 10.0 | 0 | 0.0 |
| Other Government Motion[3] | 1,310 | 2.1 | 4 | 0.3 |
| Non-Government DeE_arture[4] | ...Lill | 1.7 | 12 | 0.8 |
| **VARIANCES** | **211128** | **33.1** | **641** | **42.3** |
| Upward Variance[5] | 1,896 | 3.0 | 41 | 2.7 |
| Downward Variance | | | | |
| Government Motion[6] | 6,384 | 10.0 | 112 | 7.4 |
| Non-Government Variance7 | 12.848 | 20.1 | 488 | 32.2 |

[1] This table reflects the 64,124 cases reported to the Commission in fiscal year 2023, 1,552 of which were from the Southern District of Florida. Of these, 312 cases nationally and 38 cases from the Southern District of Florida were excluded because information was missing from the submitted documents that prevented the comparison of the sentence and the guideline range.

[2] Cases in which the sentence imposed was above the applicable guideline range and for which the court cited a reason on Part V of the Statement of Reasons form, other than §5Kl.l or §5K3.l.

[3] Cases in which the sentence imposed was below the applicable guideline range and for which the court cited a reason on Part V of the Statement of Reasons form, other than §5Kl.l or §5K3.l, and where the prosecution initiated, proposed, or stipulated to the sentence.

[4] Cases in which the sentence imposed ,v.is below the applicable guideline range and for ,mich the court cited a reason on Part V of the Statement of Reasons form, other than §5Kl.l or §5K3.l, and where the prosecution did not initiate, propose, or stipulate to the sentence.

[5] Cases in ,mich the sentence imposed ,v.is above the applicable guideline range and for ,mich the court cited a reason on Part VI of the Statement of Reasons form.

[6] Cases in ,mich the sentence imposed ,v.is below the applicable guideline range and for ,mich the court cited a reason on Part VI of the Statement of Reasons form, and where the prosecution initiated, proposed, or stipulated to the sentence.

[7] Cases in ,mich the sentence imposed ,v.is below the applicable guideline range and for ,mich the court cited a reason on Part VI of the Statement of Reasons form, or where no reason ,v.is given, and where the prosecution did not initiate, propose, or stipulate to the sentence

SOURCE:  U.S. Sentencing Commission, 2023 Datafile, USSCFY23.

**Table 9**

SENTENCE IMPOSED RELATIVE TO THE GUIDELINE RANGE

IN EACH CIRCUIT AND DISTRICT'

Fiscal Year 2023

| CIRCUIT / District | TOTAL | WITHIN GUIDELINE RANGE | | DEPARTURE UPWARD | | §5K1.1 | | §5I<3.1 | | DOWNWARD | | VARIANCE | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | N | % | N | % | N | % | N | % | N | % | N | % |
| **TOTAL** | **63,812** | **27,087** | **42.4** | **314** | **0.5** | **6,499** | **10.2** | **6,363** | **10.0** | **2,421** | **3.8** | **21,128** | **33.1** |
| **D.C. CIRCUIT** | **503** | **231** | **45.9** | **12** | **2.4** | **37** | **7.4** | **0** | **0.0** | **21** | **4.2** | **202** | **40.2** |
| District of Columbia | 503 | 231 | 45.9 | 12 | 2.4 | 37 | 7.4 | 0 | 0.0 | 21 | 4.2 | 202 | 40.2 |
| **FIRST CIRCUIT** | **1,947** | **712** | **36.6** | **6** | **0.3** | **178** | **9.1** | **1** | **0.1** | **126** | **6.5** | **924** | **47.5** |
| Maine | 116 | 28 | 24.1 | 1 | 0.9 | 24 | 20.7 | 0 | 0.0 | 2 | 1.7 | 61 | 52.6 |
| Massachusetts | 477 | 93 | 19.5 | 1 | 0.2 | 62 | 13.0 | 1 | 0.2 | 43 | 9.0 | 277 | 58.1 |
| New Hampshire | 158 | 33 | 20.9 | 0 | 0.0 | 20 | 12.7 | 0 | 0.0 | 8 | 5.1 | 97 | 61.4 |
| Puerto Rico | 1,090 | 541 | 49.6 | 4 | 0.4 | 67 | 6.1 | 0 | 0.0 | 69 | 6.3 | 409 | 37.5 |
| Rhode Island | 106 | 17 | 16.0 | 0 | 0.0 | 5 | 4.7 | 0 | 0.0 | 4 | 3.8 | 80 | 75.5 |
| **SECOND CIRCUIT** | **3,204** | **882** | **27.5** | **10** | **0.3** | **521** | **16.3** | **5** | **0.2** | **102** | **3.2** | **1,684** | **52.6** |
| Connecticut | 355 | 78 | 22.0 | 1 | 0.3 | 64 | 18.0 | 0 | 0.0 | 41 | 11.5 | 171 | 48.2 |
| New York | | | | | | | | | | | | | |
|   Eastern | 709 | 159 | 22.4 | 1 | 0.1 | 138 | 19.5 | 2 | 0.3 | 36 | 5.1 | 373 | 52.6 |
|   Northern | 453 | 238 | 52.5 | 3 | 0.7 | 87 | 19.2 | 2 | 0.4 | 11 | 2.4 | 112 | 24.7 |
|   Southern | 1,142 | 224 | 19.6 | 1 | 0.1 | 124 | 10.9 | 1 | 0.1 | 11 | 1.0 | 781 | 68.4 |
|   Western | 410 | 153 | 37.3 | 3 | 0.7 | 82 | 20.0 | 0 | 0.0 | 1 | 0.2 | 171 | 41.7 |
| Vermont | 135 | 30 | 22.2 | 1 | 0.7 | 26 | 19.3 | 0 | 0.0 | 2 | 1.5 | 76 | 56.3 |
| **THIRD CIRCUIT** | **2,358** | **862** | **36.6** | **9** | **0.4** | **432** | **18.3** | **8** | **0.3** | **51** | **2.2** | **996** | **42.2** |
| Delaware | 104 | 48 | 46.2 | 1 | 1.0 | 11 | 10.6 | 6 | 5.8 | 6 | 5.8 | 32 | 30.8 |
| New Jersey | 722 | 237 | 32.8 | 1 | 0.1 | 133 | 18.4 | 0 | 0.0 | 9 | 1.2 | 342 | 47.4 |
| Pennsylvania | | | | | | | | | | | | | |
|   Eastern | 526 | 145 | 27.6 | 0 | 0.0 | 149 | 28.3 | 0 | 0.0 | 8 | 1.5 | 224 | 42.6 |
|   Middle | 409 | 176 | 43.0 | 4 | 1.0 | 71 | 17.4 | 2 | 0.5 | 13 | 3.2 | 143 | 35.0 |
|   Western | 530 | 206 | 38.9 | 2 | 0.4 | 60 | 11.3 | 0 | 0.0 | 13 | 2.5 | 249 | 47.0 |
| Virgin Islands | 67 | 50 | 74.6 | 1 | 1.5 | 8 | 11.9 | 0 | 0.0 | 2 | 3.0 | 6 | 9.0 |
| **FOURTH CIRCUIT** | **4,263** | **1,789** | **42.0** | **30** | **0.7** | **718** | **16.8** | **4** | **0.1** | **91** | **2.1** | **1,631** | **38.3** |
| Maryland | 484 | 120 | 24.8 | 4 | 0.8 | 99 | 20.5 | 2 | 0.4 | 26 | 5.4 | 233 | 48.1 |
| North Carolina | | | | | | | | | | | | | |
|   Eastern | 825 | 434 | 52.6 | 10 | 1.2 | 240 | 29.1 | 0 | 0.0 | 5 | 0.6 | 136 | 16.5 |
|   Middle | 326 | 137 | 42.0 | 4 | 1.2 | 17 | 5.2 | 0 | 0.0 | 5 | 1.5 | 163 | 50.0 |
|   Western | 362 | 166 | 45.9 | 1 | 0.3 | 61 | 16.9 | 0 | 0.0 | 3 | 0.8 | 131 | 36.2 |
| South Carolina | 644 | 190 | 29.5 | 0 | 0.0 | 173 | 26.9 | 0 | 0.0 | 12 | 1.9 | 269 | 41.8 |
| Virginia | | | | | | | | | | | | | |
|   Eastern | 877 | 430 | 49.0 | 7 | 0.8 | 33 | 3.8 | 2 | 0.2 | 38 | 4.3 | 367 | 41.8 |
|   Western | 209 | 65 | 31.1 | 3 | 1.4 | 49 | 23.4 | 0 | 0.0 | 0 | 0.0 | 92 | 44.0 |
| West Virginia | | | | | | | | | | | | | |
|   Northern | 310 | 150 | 48.4 | 1 | 0.3 | 28 | 9.0 | 0 | 0.0 | 1 | 0.3 | 130 | 41.9 |
|   Southern | 226 | 97 | 42.9 | 0 | 0.0 | 18 | 8.0 | 0 | 0.0 | 1 | 0.4 | 110 | 48.7 |

13

| CIRCUIT District | TOTAL | WI1HIN GUIDELINE RANGE | | DEPARTURE UPWARD | | §5Kl.1 | | §51<3.l | | DOWNWARD | | VARIANCE | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | N | % | N | % | N | % | N | % | N | % | N | % |
| **FIFTH CIRCUIT** | **17,480** | **11,170** | **63.9** | **68** | **0.4** | **1,079** | **6.2** | **917** | **5.2** | **588** | **3.4** | **3,658** | **20.9** |
| Louisiana | | | | | | | | | | | | | |
| Eastern | 331 | 168 | 50.8 | 9 | 2.7 | 66 | 19.9 | 0 | 0.0 | 5 | 1.5 | 83 | 25.1 |
| Middle | 96 | 49 | 51.0 | 0 | 0.0 | 18 | 18.8 | 0 | 0.0 | 1 | 1.0 | 28 | 29.2 |
| Western | 324 | 224 | 69.1 | 2 | 0.6 | 24 | 7.4 | 0 | 0.0 | 3 | 0.9 | 71 | 21.9 |
| Mississippi | | | | | | | | | | | | | |
| Northern | 157 | 61 | 38.9 | 2 | 1.3 | 35 | 22.3 | 0 | 0.0 | 0 | 0.0 | 59 | 37.6 |
| Southern | 372 | 232 | 62.4 | 2 | 0.5 | 48 | 12.9 | 0 | 0.0 | 3 | 0.8 | 87 | 23.4 |
| Texas | | | | | | | | | | | | | |
| Eastern | 714 | 421 | 59.0 | 9 | 1.3 | 33 | 4.6 | 0 | 0.0 | 10 | 1.4 | 241 | 33.8 |
| Northern | 1,557 | 931 | 59.8 | 10 | 0.6 | 148 | 9.5 | 0 | 0.0 | 13 | 0.8 | 455 | 29.2 |
| Southern | 6,422 | 3,417 | 53.2 | 31 | 0.5 | 408 | 6.4 | 886 | 13.8 | 449 | 7.0 | 1,231 | 19.2 |
| Western | 7,507 | 5,667 | 75.5 | 3 | 0.0 | 299 | 4.0 | 31 | 0.4 | 104 | 1.4 | 1,403 | 18.7 |
| | | | | | | | | | | | | | |
| **SIXTH CIRCUIT** | **4,586** | **1,684** | **36.7** | **19** | **0.4** | **822** | **17.9** | **10** | **0.2** | **179** | **3.9** | **1,872** | **40.8** |
| Kentucky | | | | | | | | | | | | | |
| Eastern | 444 | 220 | 49.5 | 3 | 0.7 | 90 | 20.3 | 0 | 0.0 | 6 | 1.4 | 125 | 28.2 |
| Western | 337 | 96 | 28.5 | 1 | 0.3 | 90 | 26.7 | 7 | 2.1 | 24 | 7.1 | 119 | 35.3 |
| Michigan | | | | | | | | | | | | | |
| Eastern | 694 | 225 | 32.4 | 1 | 0.1 | 65 | 9.4 | 0 | 0.0 | 14 | 2.0 | 389 | 56.1 |
| Western | 239 | 119 | 49.8 | 3 | 1.3 | 40 | 16.7 | 0 | 0.0 | 6 | 2.5 | 71 | 29.7 |
| Ohio | | | | | | | | | | | | | |
| Northern | 880 | 345 | 39.2 | 2 | 0.2 | 171 | 19.4 | 1 | 0.1 | 21 | 2.4 | 340 | 38.6 |
| Southern | 621 | 141 | 22.7 | 3 | 0.5 | 132 | 21.3 | 1 | 0.2 | 90 | 14.5 | 254 | 40.9 |
| Tennessee | | | | | | | | | | | | | |
| Eastern | 640 | 293 | 45.8 | 5 | 0.8 | 138 | 21.6 | 0 | 0.0 | 9 | 1.4 | 195 | 30.5 |
| Middle | 276 | 70 | 25.4 | 1 | 0.4 | 29 | 10.5 | 1 | 0.4 | 4 | 1.4 | 171 | 62.0 |
| Western | 455 | 175 | 38.5 | 0 | 0.0 | 67 | 14.7 | 0 | 0.0 | 5 | 1.1 | 208 | 45.7 |
| | | | | | | | | | | | | | |
| **SEVENTH CIRCUIT** | **2,267** | **755** | **33.3** | **14** | **0.6** | **231** | **10.2** | **1** | **0.0** | **80** | **3.5** | **1,186** | **52.3** |
| Illinois | | | | | | | | | | | | | |
| Central | 260 | 77 | 29.6 | 0 | 0.0 | 32 | 12.3 | 0 | 0.0 | 3 | 1.2 | 148 | 56.9 |
| Northern | 617 | 182 | 29.5 | 2 | 0.3 | 53 | 8.6 | 1 | 0.2 | 19 | 3.1 | 360 | 58.3 |
| Southern | 261 | 132 | 50.6 | 9 | 3.4 | 35 | 13.4 | 0 | 0.0 | 14 | 5.4 | 71 | 27.2 |
| Indiana | | | | | | | | | | | | | |
| Northern | 262 | 126 | 48.1 | 0 | 0.0 | 33 | 12.6 | 0 | 0.0 | 1 | 0.4 | 102 | 38.9 |
| Southern | 393 | 153 | 38.9 | 0 | 0.0 | 49 | 12.5 | 0 | 0.0 | 2 | 0.5 | 189 | 48.l |
| Wisconsin | | | | | | | | | | | | | |
| Eastern | 328 | 50 | 15.2 | 2 | 0.6 | 23 | 7.0 | 0 | 0.0 | 4 | 1.2 | 249 | 75.9 |
| Western | 146 | 35 | 24.0 | 1 | 0.7 | 6 | 4.1 | 0 | 0.0 | 37 | 25.3 | 67 | 45.9 |
| | | | | | | | | | | | | | |
| **EIGHTH CIRCUIT** | **5,141** | **2,070** | **40.3** | **32** | **0.6** | **696** | **13.5** | **23** | **0.4** | **114** | **2.2** | **2,206** | **42.9** |
| Arkansas | | | | | | | | | | | | | |
| Eastern | 548 | 251 | 45.8 | 1 | 0.2 | 65 | 11.9 | 0 | 0.0 | 3 | 0.5 | 228 | 41.6 |
| Western | 177 | 82 | 46.3 | 0 | 0.0 | 20 | 11.3 | 0 | 0.0 | 1 | 0.6 | 74 | 41.8 |
| Iowa | | | | | | | | | | | | | |
| Northern | 338 | 169 | 50.0 | 11 | 3.3 | 63 | 18.6 | 0 | 0.0 | 5 | 1.5 | 90 | 26.6 |
| Southern | 440 | 146 | 33.2 | 2 | 0.5 | 66 | 15.0 | 0 | 0.0 | 4 | 0.9 | 222 | 50.5 |
| Minnesota | 353 | 96 | 27.2 | 1 | 0.3 | 47 | 13.3 | 2 | 0.6 | 25 | 7.1 | 182 | 51.6 |
| Missouri | | | | | | | | | | | | | |
| Eastern | 953 | 389 | 40.8 | 2 | 0.2 | 95 | 10.0 | 0 | 0.0 | 24 | 2.5 | 443 | 46.5 |
| Western | 840 | 280 | 33.3 | 1 | 0.1 | 154 | 18.3 | 0 | 0.0 | 13 | 1.5 | 392 | 46.7 |
| Nebraska | 567 | 252 | 44.4 | 0 | 0.0 | 20 | 3.5 | 17 | 3.0 | 4 | 0.7 | 274 | 48.3 |
| North Dakota | 413 | 139 | 33.7 | 6 | 1.5 | 160 | 38.7 | 3 | 0.7 | 3 | 0.7 | 102 | 24.7 |
| South Dakota | 512 | 266 | 52.0 | 8 | 1.6 | 6 | 1.2 | 1 | 0.2 | 32 | 6.3 | 199 | 38.9 |

14

| cmcurr District | TOTAL | WITHIN GUIDELINE RANGE N | % | DEPARTURE UPWARD N | % | §5K1.1 N | % | §5K3.1 N | % | DOWNWARD N | % | VARIANCE N | % |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NINTH cmcurr | 12,091 | 2,723 | 22.5 | 48 | 0.4 | 895 | 7.4 | 4,728 | 39.1 | 640 | 5.3 | 3,057 | 25.3 |
| Alaska | 177 | 55 | 31.1 | 0 | 0.0 | 31 | 17.5 | 0 | 0.0 | 7 | 4.0 | 84 | 47.5 |
| Arizona | 4,776 | 1,253 | 26.2 | 16 | 0.3 | 104 | 2.2 | 2,748 | 57.5 | 65 | 1.4 | 590 | 12.4 |
| California | | | | | | | | | | | | | |
| Central | 941 | 247 | 26.2 | 8 | 0.9 | 123 | 13.1 | 12 | 1.3 | 68 | 7.2 | 483 | 51.3 |
| Eastern | 383 | 158 | 41.3 | 0 | 0.0 | 76 | 19.8 | 3 | 0.8 | 7 | 1.8 | 139 | 36.3 |
| Northern | 384 | 45 | 11.7 | 3 | 0.8 | 48 | 12.5 | 2 | 0.5 | 31 | 8.1 | 255 | 66.4 |
| Southern | 3,184 | 339 | 10.6 | 13 | 0.4 | 172 | 5.4 | 1,906 | 59.9 | 428 | 13.4 | 326 | 10.2 |
| Guam | 26 | 10 | 38.5 | 0 | 0.0 | 8 | 30.8 | 0 | 0.0 | 0 | 0.0 | 8 | 30.8 |
| Hawaii | 119 | 32 | 26.9 | 0 | 0.0 | 37 | 31.1 | 0 | 0.0 | 1 | 0.8 | 49 | 41.2 |
| Idaho | 291 | 98 | 33.7 | 0 | 0.0 | 62 | 21.3 | 12 | 4.1 | 9 | 3.1 | 110 | 37.8 |
| Montana | 368 | 113 | 30.7 | 1 | 0.3 | 79 | 21.5 | 0 | 0.0 | 8 | 2.2 | 167 | 45.4 |
| Nevada | 360 | 63 | 17.5 | 1 | 0.3 | 16 | 4.4 | 41 | 11.4 | 9 | 2.5 | 230 | 63.9 |
| Northern Mariana Islands | 25 | 19 | 76.0 | 0 | 0.0 | 3 | 12.0 | 0 | 0.0 | 0 | 0.0 | 3 | 12.0 |
| Oregon | 409 | 66 | 16.1 | 2 | 0.5 | 78 | 19.1 | 0 | 0.0 | 2 | 0.5 | 261 | 63.8 |
| Washington | | | | | | | | | | | | | |
| Eastern | 289 | 103 | 35.6 | 4 | 1.4 | 46 | 15.9 | 4 | 1.4 | 3 | 1.0 | 129 | 44.6 |
| Western | 359 | 122 | 34.0 | 0 | 0.0 | 12 | 3.3 | 0 | 0.0 | 2 | 0.6 | 223 | 62.1 |
| TENTH cmcurr | 4,835 | 1,811 | 37.5 | 42 | 0.9 | 272 | 5.6 | 664 | 13.7 | 356 | 7.4 | 1,690 | 35.0 |
| Colorado | 328 | 97 | 29.6 | 2 | 0.6 | 66 | 20.1 | 20 | 6.1 | 4 | 1.2 | 139 | 42.4 |
| Kansas | 330 | 149 | 45.2 | 2 | 0.6 | 45 | 13.6 | 2 | 0.6 | 6 | 1.8 | 126 | 38.2 |
| New Mexico | 2,003 | 701 | 35.0 | 21 | 1.0 | 50 | 2.5 | 535 | 26.7 | 208 | 10.4 | 488 | 24.4 |
| Oklahoma | | | | | | | | | | | | | |
| Eastern | 213 | 136 | 63.8 | 3 | 1.4 | 8 | 3.8 | 0 | 0.0 | 5 | 2.3 | 61 | 28.6 |
| Northern | 398 | 207 | 52.0 | 10 | 2.5 | 31 | 7.8 | 0 | 0.0 | 100 | 25.1 | 50 | 12.6 |
| Western | 669 | 355 | 53.1 | 2 | 0.3 | 21 | 3.1 | 1 | 0.1 | 6 | 0.9 | 284 | 42.5 |
| Utah | 757 | 135 | 17.8 | 0 | 0.0 | 40 | 5.3 | 102 | 13.5 | 22 | 2.9 | 458 | 60.5 |
| Wyoming | 137 | 31 | 22.6 | 2 | 1.5 | 11 | 8.0 | 4 | 2.9 | 5 | 3.6 | 84 | 61.3 |
| ELEVENTH cmcurr | 5,137 | 2,398 | 46.7 | 24 | 0.5 | 618 | 12.0 | 2 | 0.0 | 73 | 1.4 | 2,022 | 39.4 |
| Alabama | | | | | | | | | | | | | |
| Middle | 218 | 79 | 36.2 | 0 | 0.0 | 29 | 13.3 | 0 | 0.0 | 5 | 2.3 | 105 | 48.2 |
| Northern | 405 | 228 | 56.3 | 1 | 0.2 | 54 | 13.3 | 0 | 0.0 | 6 | 1.5 | 116 | 28.6 |
| Southern | 308 | 154 | 50.0 | 6 | 1.9 | 36 | 11.7 | 1 | 0.3 | 8 | 2.6 | 103 | 33.4 |
| Florida | | | | | | | | | | | | | |
| Middle | 1,102 | 448 | 40.7 | 3 | 0.3 | 162 | 14.7 | 0 | 0.0 | 9 | 0.8 | 480 | 43.6 |
| Northern | 254 | 100 | 39.4 | 1 | 0.4 | 61 | 24.0 | 1 | 0.4 | 5 | 2.0 | 86 | 33.9 |
| Southern | 1,514 | 745 | 49.2 | 4 | 0.3 | 108 | 7.1 | 0 | 0.0 | 16 | 1.1 | 641 | 42.3 |
| Georgia | | | | | | | | | | | | | |
| Middle | 380 | 248 | 65.3 | 2 | 0.5 | 38 | 10.0 | 0 | 0.0 | 3 | 0.8 | 89 | 23.4 |
| Northern | 585 | 165 | 28.2 | 3 | 0.5 | 62 | 10.6 | 0 | 0.0 | 19 | 3.2 | 336 | 57.4 |
| Southern | 371 | 231 | 62.3 | 4 | 1.1 | 68 | 18.3 | 0 | 0.0 | 2 | 0.5 | 66 | 17.8 |

Of the 64,124 National cases, 312 were excluded because information was missing from the submitted documents that prevented the comparison of the sentence and the guideline range.

SOURCE:  U.S. Sentencing Commission, 2023 Datafile, USSCFY23.

**Table 10**

**SENTENCE IMPOSED RELATIVE TO THE GUIDELINE RANGE**
**BY TYPE OF CRIME**
**Fiscal Year 2023**

**National**

| 1YPE OF CRIME | TOTAL | WTIHIN GUIDELINE RANGE | | DEPARTURE UPWARD | | §5Kl.1 | | §5K3.1 | | DOWNWARD | | VARIANCE | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | N | % | N | % | N | % | N | % | N | % | N | % |
| Total | 63,812 | 27,087 | 42.4 | 314 | 0.5 | 6,499 | 10.2 | 6,363 | 10.0 | 2,421 | 3.8 | 21,128 | 33.1 |
| Child Pornography | 1,408 | 484 | 34.4 | 4 | 0.3 | 32 | 2.3 | 2 | 0.1 | 47 | 3.3 | 839 | 59.6 |
| Drug Trafficking | 18,999 | 5,060 | 26.6 | 59 | 0.3 | 3,947 | 20.8 | 1,238 | 6.5 | 883 | 4.6 | 7,812 | 41.1 |
| Firearms | 8,820 | 4,438 | 50.3 | 76 | 0.9 | 457 | 5.2 | 13 | 0.1 | 290 | 3.3 | 3,546 | 40.2 |
| Fraud/Theft/Embezzlement | 5,173 | 2,033 | 39.3 | 22 | 0.4 | 760 | 14.7 | 3 | 0.1 | 147 | 2.8 | 2,208 | 42.7 |
| Immigration | 19,140 | 10,769 | 56.3 | 39 | 0.2 | 192 | 1.0 | 5,076 | 26.5 | 572 | 3.0 | 2,492 | 13.0 |
| Money Laundering | 1,311 | 320 | 24.4 | 3 | 0.2 | 342 | 26.1 | 19 | 1.4 | 80 | 6.1 | 547 | 41.7 |
| Robbery | 1,501 | 597 | 39.8 | 14 | 0.9 | 174 | 11.6 | 3 | 0.2 | 51 | 3.4 | 662 | 44.1 |
| Sex Abuse | 1,393 | 538 | 38.6 | 17 | 1.2 | 72 | 5.2 | 0 | 0.0 | 74 | 5.3 | 692 | 49.7 |
| Other Miscellaneous Offenses | 6,067 | 2,848 | 46.9 | 80 | 1.3 | 523 | 8.6 | 9 | 0.1 | 277 | 4.6 | 2,330 | 38.4 |

**Southern Florida**

| 1YPE OF CRIME | TOTAL | WITHIN GUIDELINE RANGE | | DEPARTURE UPWARD | | §5Kl.1 | | §5K3.1 | | DOWNWARD | | VARIANCE | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | N | % | N | % | N | % | N | % | N | % | N | % |
| Total | 1,514 | 745 | 49.2 | 4 | 0.3 | 108 | 7.1 | 0 | 0.0 | 16 | 1.1 | 641 | 42.3 |
| Child Pornography | 49 | 17 | 34.7 | 0 | 0.0 | 1 | 2.0 | 0 | 0.0 | 1 | 2.0 | 30 | 61.2 |
| Drug Trafficking | 414 | 140 | 33.8 | 0 | 0.0 | 33 | 8.0 | 0 | 0.0 | 3 | 0.7 | 238 | 57.5 |
| Firearms | 171 | 107 | 62.6 | 1 | 0.6 | 2 | 1.2 | 0 | 0.0 | 1 | 0.6 | 60 | 35.1 |
| Fraud/Theft/Embezzlement | 297 | 117 | 39.4 | 0 | 0.0 | 35 | 11.8 | 0 | 0.0 | 3 | 1.0 | 142 | 47.8 |
| Immigration | 305 | 235 | 77.0 | 0 | 0.0 | 6 | 2.0 | 0 | 0.0 | 1 | 0.3 | 63 | 20.7 |
| Money Laundering | 70 | 20 | 28.6 | 0 | 0.0 | 13 | 18.6 | 0 | 0.0 | 4 | 5.7 | 33 | 47.1 |
| Robbery | 45 | 30 | 66.7 | 2 | 4.4 | 1 | 2.2 | 0 | 0.0 | 0 | 0.0 | 12 | 26.7 |
| Sex Abuse | 34 | 15 | 44.1 | 0 | 0.0 | 1 | 2.9 | 0 | 0.0 | 1 | 2.9 | 17 | 50.0 |
| Other Miscellaneous Offenses | 129 | 64 | 49.6 | 1 | 0.8 | 16 | 12.4 | 0 | 0.0 | 2 | 1.6 | 46 | 35.7 |

Of the 64,124 National cases, 312 were excluded because information was missing from the submitted documents that prevented the comparison of the sentence and the guideline range.

Of the 1,552 cases from the Southern District of Florida, 38 cases were excluded because information was missing from the submitted documents that prevented the comparison of the sentence and the guideline range.

SOURCE:  U.S. Sentencing Commission, 2023 Datafile, USSCFY23.

16