CASE NO. 24-20088-CR-DPG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20088-CR-GAYLES

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

BURTLEY W. AGUSTS,

      Defendant.

_____/

**DEFENDANT BURTLEY AGUSTS'S OBJECTIONS TO THE
PRESENTENCE INVESTIGATION REPORT**

COMES NOW, the Defendant, BURTLEY AGUSTS, by and through undersigned counsel pursuant to Rule 32 of the Federal Rules of Criminal Procedure, Sections 3B1.2, 3C1.2, and 2D1.1 of the United States Sentencing Guidelines (USSG), and the Fifth Amendment to the United States Constitution and files his objections to the Presentence Investigation Report (PSI). Specifically, Defendant objects to PSI Paragraph Numbers 14, 20, 23, 24, 29, and 59. In support of the instant objections, Defendant asserts:

**I. PARAGRAPH NO. 14: ROLE ASSESSMENT**

The United States Probation Office, in its "Role Assessment" of the PSI, states that Mr. Agusts is an equally culpable participant with co-defendants Manhertz, Holness, Phillips, Moran-Guerrero, and Marcano-Romero. The report does not delineate what the actual roles were, and the report did not discuss any of the roles of any unindicted co-conspirators. This drug smuggling

1

operation was a much larger organization than the members found on the boat in the high seas. The conclusion that a mitigating role adjustment is not warranted for Mr. Agusts is incorrect and should be corrected.

Whether a particular defendant is entitled to a reduction in offense level because of his role in the offense is a fact-specific inquiry that must be made on a case-by-case basis. *United States v. Rodriguez de Varon*, 175 F.3d 930 (11th Cir. 1999) (en banc). This inquiry is performed by consideration of the defendant's role in the conduct for which he or she is responsible at sentencing as well as comparing the defendant's role to that of other participants in the offense. *Id.* at 941, 945. All those who could be held criminally responsible for the charged conduct are "participants" regardless of whether they were arrested, charged, or convicted. U.S.S.G. § 3B1.1, comment. (n.1).

Mr. Agusts was at worst a low-level, minor participant in the conspiracy. His sole role was to be a deck hand for the movement of the cocaine from one place to another. Mr. Agusts was not involved in the actual sale or distribution of the cocaine, nor was he involved in planning the logistics of the cocaine's shipment. He was to be paid a fixed amount that was not a percentage of the sale of the cocaine. He was simply recruited by another to assist onboard, without any decision-making authority over anything to happen in the process.

Mr. Agusts should receive a 2-point/level mitigating role adjustment based on his truly minor participation in the conspiracy and the undisputed facts known to the Defendant, the United States, and its agents.

CASE NO. 24-20088-CR-DPG

## II. PARAGRAPH NO. 20: BASE LEVEL OFFENSE

Paragraph Number 20 entitled "Base Level Offense," warrants correction. The U.S. Probation Office assigned a level 36, reflecting the base offense level for 150 kilograms or more of cocaine. In the absence of a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2, the PSI would be correct in reflecting a base offense level of 36. However, pursuant to U.S.S.G. § 2D1.1 (a)(5)(c), the offense level is capped at 33 for drug offenders who receive a mitigating role adjustment. Because Agusts qualifies for the 3B1.2 role adjustment, his offense level is "capped" at level 33. This should be reflected in the PSI.

## III.   PARAGRAPH NO. 23: ADJUSTMENT FOR ROLE IN OFFENSE

For the reasons set forth repeatedly above, Mr. Agusts should receive a two (2) level mitigating adjustment for "Role in the Offense."

## IV. PARAGRAPH NO. 24: ADJUSTMENT FOR OBSTRUCTION OF JUSTICE

In Paragraph 24, the PSI gave Agusts a two-level increase under § 3C1.2 claiming, "The defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." While the PSI makes this assertion, it offers no specific evidence as to how Agusts's conduct affected anyone. Not only is the PSI devoid of any information but also the discovery is silent as to how Mr. August's conduct created a danger to anyone 'in the course of fleeing." Agusts did not flee from anyone, and the evidence produced to date from the government supports this position of lack of flight. As a result, the two-level enhancement is misapplied and should be stricken from the PSI.

3

CASE NO. 24-20088-CR-DPG

### V. PARAGRAPH NO. 29: TOTAL OFFENSE LEVEL

The PSI reflects a "Total Offense Level" of 31 – this is incorrect. The correct total offense level should be 26, reflecting an Adjusted Offense Level of 29 minus a 3-level decrease for timely acceptance of responsibility pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b).

### VI. PARAGRAPH NO. 59 GUIDELINE PROVISIONS

The PSI inaccurately states the applicable offense level and guideline range in Paragraph No. 59.   The total offense level should be 26 instead of 31, for the reasons argued above. The criminal history is accurately reflected as category I. The guideline imprisonment range for offense level 26 and criminal history I is 63 to78 months. Paragraph No. 59 should be amended reflecting the accurate guideline provisions.

WHEREFORE, Defendant Butley W. Agusts respectfully requests that this Honorable Court GRANT his objections to the PSI and order the appropriate corrections.

Respectfully submitted,

**PAUL J. DONNELLY, P.A.**
21 N.W. 1st Avenue
Suite 7
Dania Beach, FL 33004
Tel: 305-757-3331
Mobile: 786-258-4226
Donnellylaw@bellsouth.net

  /s/ Paul J. Donnelly/
PAUL J. DONNELLY
Florida Bar No. 963895

CASE NO. 24-20088-CR-DPG

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was filed with the Clerk of Court via EM/ECF  __7th__  day of February 2025, and a copy was mailed to Defendant Agusts.

       __/s / Paul J. Donnelly/__

       PAUL J. DONNELLY

5