IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

UNITED STATES OF AMERICA

v.                                                    Case No. 24-20088-cr-GAYLES

ODANE HOLNESS

_____/

DEFENDANT HOLNESS' OBJECTIONS
TO THE PRESENTENCE INVESTIGATION REPORT

DEFENDANT, ODANE HOLENESS, objects to the Presentence Investigation Report (PSI) prepared in his case, and states:

1.     Holness objects to Paragraphs 15, 20, and 24 of the PSI for the following reasons:

<u>Objection to Paragraph 15</u>

2.     Holness objects to Paragraph 15 of the PSI for failing to apply a 2-level Minor Role reduction pursuant to U.S.S.G. § 3B1.2(b).

3.     The Minor Role reduction applies to defendants who are less culpable than most other participants in the criminal activity but whose role is not minimal. U.S.S.G. § 3B1.2, n.5. Factors include the extent of the defendant's understanding of the criminal activity, involvement in planning or decision-making, expected benefit, and the nature and scope of participation. U.S.S.G. § 3B1.2, n.3(C).

4.     Holness was a fisherman who sustained his family through fishing and picking fruit from roadside trees. He belongs to a socioeconomically disadvantaged class, condemned to poverty and desperation.

5.     Such individuals are easily exploited by those offering meager compensation in exchange for significant personal risk. Holness's role  involved enduring hazardous desert conditions and

unsanitary living environments, followed by a perilous three-day ocean journey in an open vessel.

6.      The true orchestrators of the crime are those who owned the cocaine, stood to make millions, faced no personal risk and remain hidden and insulated from prosecution. Their culpability far exceeds that of Holness and his co-defendants.

7.      While Holness' desperate circumstances do not excuse his conduct, the Sentencing Commission recognizes that there are scenarios, such as this, where substantial disparities in culpability exist, and the Guidelines provide for leniency through the Mitigating Role provisions at § 3B1.2.

8.      Holness's involvement was significantly less culpable than the major players in the criminal enterprise and, accordingly, Holness objects to Paragraph 15 of the PSI for its failure to apply a 2-level Minor Role reduction under U.S.S.G. § 3B1.2(b).

Objection to Paragraph 20

9.      Holness objects to Paragraph 20 of the PSI for assessing a Base Offense Level of 36, in violation of U.S.S.G. § 2D1.1(a)(5)(ii).

10.      The Guidelines specify that if a defendant receives a Mitigating Role adjustment under § 3B1.2 and the base offense level is 36, the level should be decreased by 3. U.S.S.G. § 2D1.1(a)(5)(ii).

11.      This objection is predicated on the Court granting Holness's Minor Role objection. If granted, his base offense level should be reduced from 36 to 33.

12.      Holness maintains that his Minor Role objection is meritorious and, therefore, his objection to Paragraph 20 is also justified.

13.      Accordingly, Holness objects to the Base Offense Level of 36 in Paragraph 20 of the PSI.

<u>Objection to Paragraph 24</u>

14.     Holness objects to the 2-level Obstruction of Justice enhancement in Paragraph 24 of the PSI, which claims he recklessly created a substantial risk of death or serious bodily injury while fleeing law enforcement.

15.     It is readily conceivable that the enhancement would apply in cases involving violent, physical struggles with law enforcement while attempting an escape and high-speed vehicular chases.  Or even in maritime scenarios, in areas where swimmers, jet skis or other vessels are present.  But not in situations involving a vessel on the open seas, simply because it does not stop as quickly as the law enforcement agents may have liked.

16.     The decision to fire on the vessel from a helicopter was not necessitated by Holness or his co-defendants' conduct, and their actions did not otherwise create a risk to the law enforcement officers involved in the interdiction.

17.     There is insufficient factual support for applying this enhancement in any event, because the enhancement applies if the defendant recklessly endangered another person while fleeing law enforcement. U.S.S.G. § 3C1.2; "[a]nother person" excludes co-participants in the offense, U.S.S.G. § 3C1.2, n.4; and the enhancement is only applicable to those who performed, aided, abetted, counseled, commanded, induced, procured, or willfully caused the act of fleeing.

18.     In their respective PSIs, Probation applies the enhancement universally to all defendants without demonstrating how each individually engaged in the alleged reckless conduct, or aided such behavior.

19.     If all defendants "participated in the flight," none can be considered the "other persons" placed at risk.

20.     The Government must therefore show that the helicopter operators saw fit to fire on the

defendants' vessel despite knowingly endangering their fellow officers, and why they deemed it necessary to do so.  Otherwise, the shooter(s) was/were the reckless parties, not Holness or his co-defendants.

21.     The § 3C1.2 enhancement has limited application and, under the circumstances of this case, its blanket and summary application to all defendants is incongruous as between the defendants, and lacks proper analysis and justification.

22.     Accordingly, Holness objects to the 2-level Obstruction of Justice enhancement applied in Paragraph 24 of the PSI.

WHEREFORE, Holness objects to Paragraphs 15, 20 and 24 of the PSI.

Date: February 7, 2025

Respectfully submitted,

*David A. Howard*
David A. Howard, P.A.
25 SE 2nd Avenue, Suite 1105
Miami, Florida 33131
Tel.: (786) 360-6056
Emails: david@davidhowardlaw.com
            davidlaw1100@gmail.com