UNTED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **1:24-cr-20088-DPG-5**

UNITED STATES OF AMERICA,

v.

FABIO A. MORAN-GUERRERO.

_____/

### SENTENCING MEMORANDUM

Fabio Moran-Guerrero's life prior to his arrest is a collection of mitigating circumstances and contains pretty much every horrible event one can suffer.  He was raised so poorly that as a child, he and family often went hungry and lived nomadically.  He started working at the age of 8 to support his family.  He witnessed his father descend into alcoholism and physically abuse his mother. He was sexually abused by an ambulance worker.  He lived in an area where guerrillas were heavily active.  He describes his three employment options as agriculture, guerrilla or paramilitary — he chose to join the Colombian military.  As a child he witnessed several homicides, kidnappings, and extortions.  Despite that hellish upbringing, his experiences produced a man dedicated to his children, family, and hard work.  In 2008 he was involved in a relationship with Julieth Gallego and has three children from that union.  In 2019, Julieth left him and the 3 children and hasn't reached out since.  Fabio raised the three children by himself and in 2022 suffered his biggest heartbreak.  His daughter Lauren became ill with pneumonia and died from the disease after 2 months of being denied medical attention at the local hospitals for lack of medical insurance or money to pay.  The event threw him into a downward spiral of depression and alcoholism, leading to a desperate attempt to make sure that what happened to Lauren wouldn't happen to his other children.  It was that state of mind that led him to accept a

job assisting the transportation of a large amount of cocaine on a small boat traversing the

dangerous waters between Colombia and Haiti.



It is evident that the men who comprise the sea transportation for these cocaine

conspiracies are at the absolute bottom rung of the operations and are considered disposable by

both the traffickers who produce and ship the drugs and the traffickers who receive and distribute

them.  What is even more unfortunate is that these profiteers specifically target, tempt, and

corrupt men like Mr. Moran-Guerrero who are hard-working and maintain families as opposed to

local ruffians, precisely because they are responsible and willing to give their lives for the

children.  These men should be considered minimal players, especially, when one considers the economic forces of supply and demand that drive the cocaine trade.

The guidelines consider a defendant driving a truck with 450 kilos across the eastern seaboard a minor participant. The trucker, however, is a much more important and high-ranking player than the poor man who risks his life on a small boat on the high seas for peanuts.

The Court should note that the cocaine seized in this case was intended to be delivered to Haiti and has not been shown to be destined for the United States, nor was Mr. Moran-Guerrero informed of anything other than transportation to Haiti.

18 U.S. Code § 3553 directs the court to impose a sentence sufficient—but not greater than necessary—to reflect the nature and circumstances of the offense, and the Defendant's history and characteristics. *See* 18 U.S.C. § 3553(2) (2018). The sentence should reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense, to afford adequate deterrent from criminal conduct, and to protect the public from further crimes of the defendant. *See id*. The guidelines are but one of many factors to be considered by the Court when imposing a sentence.

There is no known program that informs the poor communities that produce these desperate men of the sentences being meted by U.S. Courts to their sons, husbands, and fathers. Accordingly, there is little or no deterrent value associated with the sentences issued by the Court, much less the sentence suggested by the Presentence Investigation Report and the Government.

Considering the circumstances of the offense, the tragic history and characteristics of Mr. Moran-Guerrero, in addition to the fact that it will cost at least half a million dollars of taxpayer monies to maintain and supervise Mr. Moran-Guerrero for the period suggested by the

government, a sentence suggested by the guidelines is not only unnecessarily harsh, but also a vicious gut punch to the American taxpayer.

Applying the dictates of §3553, a sentence of 3 years is sufficient, but not greater than necessary to punish a first offender and father of 3 who barely made 33 dollars a month in a 3rd world country and had to watch his 5-year old daughter die of a very treatable infection for lack of insurance and/or money.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this date to all relevant parties hereto via the CM/ECF filing.

JUAN DE JESUS GONZALEZ, LAWYER
Attorney for Fabio Moran-Guerrero
2460 SW 137 Avenue, Suite 254
Miami, Florida 33175
Cell: 786-486-9708
Fax: 305-596-4515
JuanGonzalezLaw@aol.com

*/s/ Juan de Jesus Gonzalez*